417 So.2d 989 (1981)
LANDERS CONSTRUCTION and Liberty Mutual Insurance Company, Appellants,
v.
Lanny DELAUDER, Appellee.
No. ZZ-105.
District Court of Appeal of Florida, First District.
December 8, 1981.
Lamar D. Oxford and Andrew L. Ringers of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for appellants.
Ronald J. Langa and Herbert H. Hall, Jr., of Maher, Overchuck, Langa & Cate, Orlando, for appellee.

ON REHEARING
PER CURIAM.
Petition for rehearing calls to the court's attention appellants' reply brief, which was filed under an order granting an extension of time for serving the reply brief until September 13, 1980. The entry of our opinion affirming the order below on September 10, 1981, was premature, since the extension period had not expired. We have, therefore, considered the matters addressed in appellants' reply brief and, having done so, adhere to our original opinion.
The sole question presented on this appeal is the award of a $721.81 attorney's fee. Appellants contend that no award of attorney's fee was proper under Florida Statutes, Section 440.34(2)(a), because the claim was not one for medical benefits only and because, in any event, the employer/carrier authorized claimant's surgery timely.
The claim filed in the instant case was as follows:
Authorization for surgery by Dr. Ronald Lakusiewicz; continuing temporary total disability after said surgery; hospital expenses for said surgery; any and all related medical expenses; interest; penalties; attorney's fees and costs.
We hold that the foregoing claim comes within the statute and that the Deputy's finding that the employer/carrier's authorization of claimant's receipt of medical care was untimely is correct. The inclusion of a claim for "continuing temporary total disability benefits after said surgery" is part of claimant's essential medical care and does not disqualify the claim under Section 440.34(2)(a). Nor does the claim for interest, penalties, attorney's fees and costs disqualify the claim as being one for "medical expenses" only, since these items are statutorily provided once the Deputy has determined that medical benefits due claimant have not been properly paid.
The Deputy's order correctly interprets and applies Section 440.34(2)(a), following the intent of the Legislature to encourage prompt authorization by the employer/carrier of needed medical care.
Pursuant to appellee's timely motion, attorney's fees for services rendered on claimant's behalf in this appeal are awarded in the amount of $1,500.
*990 Petition for rehearing is denied, and the order below is affirmed.
BOOTH, SHAW and WENTWORTH, JJ., concur.