WIGGINTON, Judge.
This appeal presents a novel question regarding employer/carrier claims for reimbursement from the Special Disability Trust Fund. The deputy commissioner ordered reimbursement in this case, and the Fund urges error in the deputy’s failure to bar the claim pursuant to Section 440.49(5)(g), Florida Statutes (Supp.1978). We affirm.
To provide an incentive for employers to hire the disabled, the Florida Legislature enacted Section 440.49 which reimburses employers and carriers for “excess liability” they incur when a disabled worker has an industrial accident that creates a disability greater than it would have been without his preexisting condition. Here, the carrier applied for reimbursement before it paid out any “excess” compensation, and by letter of September 8, 1980, the Fund denied the carrier’s claim for this reason.
Subsequently, the carrier paid excess compensation, and on December 1, 1980, it notified the Fund, requesting reimbursement. Once again the Fund denied the claim. It contends that the carrier was barred by Section 440.49(5)(g) which provides:
If the Special Disability Trust Fund through its representative denies or controverts the claim, the right to such reimbursement shall be barred unless an application for a hearing thereon is filed with the division at Tallahassee within 60 days after notice to the employer or carrier of such denial or controversion [footnote omitted].
In essence, the Fund has argued that the carrier’s failure to timely appeal the Fund’s September 8 denial letter has automatically resulted in a bar to the subsequent claim for reimbursement. The deputy disagreed. So do we.
The statute does not require the deputy to bar this claim. Plainly, it requires that when a carrier takes an appeal to a deputy, that appeal must be timely. The statute *645 does not contemplate a situation where, as here, a claim is dismissed because it is filed too early, causing the carrier to file a subsequent claim. The deputy correctly concluded that the original claim was not ripe for adjudication when the Fund issued its September 8 denial, so any application for hearing then would have been purposeless.
Under the Fund’s interpretation of the statute, this employer/carrier would be forever barred from reimbursement simply because it filed its claim prematurely. We decline to apply such a technical and mechanistic interpretation of the statute.
The deputy commissioner’s order is affirmed.
BOOTH and WENTWORTH, JJ., concur.