425 So.2d 73 (1982)
GUNN'S QUALITY GLASS & MIRRORS, INC., and South Carolina Insurance Company, Appellants,
v.
James STRODE, Appellee.
No. ZZ-495.
District Court of Appeal of Florida, First District.
December 16, 1982.
Rehearing Denied February 1, 1983.
*74 Marjorie D. Gadarian, Jones & Foster, West Palm Beach, for appellants.
Harry Goodmark, Goodmark & Goodmark, West Palm Beach, for appellee.
LARRY G. SMITH, Judge.
The employer/carrier appeal an order awarding attorney's fees under Section 440.34(2)(a), Florida Statutes (1979).[1] They assert that since the claimant filed a claim for disability benefits at the same time he filed his claim for medical benefits, his claim was not one for "medical benefits only," and an attorney's fee is not due. We agree and reverse.
Claimant sustained a compensable injury to his wrist on August 20, 1979. On September 5, 1979 the claimant's attorney executed and mailed to the Division a claim for "temporary total disability and/or temporary partial disability from the date of the accident to date of maximum medical improvement; permanent disability; payment of medical bills, further medical care." The claimant continued working for two weeks following his injury, and it is undisputed that his actual disability did not begin until September 6, 1979, the day after the claim was mailed. The employer/carrier began payment of compensation on September 20, 1979 backdating the benefits to September 6, 1979. Next, on November 1, claimant requested authorization for an operation on his wrist. However, the employer/carrier denied authorization relying on Doctor Thebaut's opinion that the requested surgery was not causally related to the employment injury. A hearing was held on claimant's request, and was followed by an order finding that the claimant was entitled to the operation.
A second hearing was held on claimant's request for attorney's fees and costs. The *75 deputy commissioner determined, and we agree, that there was no evidence establishing bad faith on the part of the employer/carrier within the framework of Section 440.34(2)(b), Florida Statutes (1979). Further, he correctly determined that fees were not awardable under Section 440.34(2)(c), Florida Statutes (1979), as claimant was paid temporary total disability benefits and so it cannot be said the employer/carrier denied that an injury occurred for which compensation benefits are payable. Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981). However, with respect to the award of a fee under Section 440.34(2)(a), the deputy stated as follows:
6. The remaining question is whether the claimant is entitled to have his attorney's fee paid by the employer/carrier under 440.34(2)(a), the so called "medical benefits only" section. I find that the claimant successfully asserted a claim for medical benefits, to wit, an operation by Dr. D. Barry Lotman.
The remaining issue deals with whether the claimant "has not filed or is not entitled to file at such time, a claim for disability... ." On or about September 5, 1979, the claimant filed a claim for benefits which included temporary total disability and/or temporary partial disability. Ostensibly, the claimant's disability began on September 6, 1979. Accordingly, no benefits were past due at the time the claim form was completed. Additionally, the claimant did not use the newly revised claim for [sic], tailored to the requirements of the August 1, 1979 Act.
Finally, the employer/carrier's timely acceptance of temporary disability benefits vitiated any pending claim for disability benefits.
At the time of the hearing in question, there were no litigable issues of disability. Realistically, the only issue in controversy was medical. My interpretation of sec. 440.34(2)(a) leads me to conclude that an attorney's fee must be allowed against the employer/carrier under the circumstances of this case.
We respectfully disagree with the conclusions of the deputy commissioner. We do not favor a technical and mechanistic approach to filing requirements. Florida Erection Services v. McDonald, 395 So.2d 203 (Fla.App. 1981); Special Disability Trust Fund v. Geophysical Services, Inc., 414 So.2d 644 (Fla. 1st DCA 1982). We will treat the claim as properly filed, even though it was completed and mailed before the claimant's disability began. However, if purely technical requirements are considered, a claim is not "filed" until it reaches the division. Sections 440.19, 440.25, Florida Statutes (1981); Rule 2(g), Florida Workers' Compensation Rules of Procedure. Claimant's attorney testified that the claim was "filed" on September 7, 1979, and we find no other evidence of the filing date in the record. Thus, we must consider the claim as timely filed under Section 440.25(1).
We base our determination that entitlement to attorney's fees has not been demonstrated in this case on more fundamental considerations. Our interpretation of the statute, considered in the light of its recent legislative history, convinces us that the claim in this case was not one "for medical benefits only."[2] Until 1978, a successful claimant could recover 100% of his attorney's fees. Then the legislature enacted Section 440.34(1), Florida Statutes (Supp. 1978), requiring the claimant to pay 25% of the fees on claims for benefits other than medical benefits, with the remaining 75% still paid by the carrier or employer. In the hopes of reducing the large amount of *76 workers' compensation litigation, the 1979 Legislature addressed the issue of attorney's fees once more in its major overhaul of the workers' compensation law.[3] The 1979 law, Section 440.34(2), requires the claimant to pay 100% of his attorney's fees except for those limited situations set forth in paragraphs (a) through (c), and evidences the Legislature's intention to severely curtail those circumstances in which the employer/carrier shall be responsible for the claimant's attorney's fees.[4] Although we find Section 440.34(2)(a) somewhat ambiguous, we are unable to read the statute as expansively as did the deputy commissioner so as to permit an award of fees in this instance. The phrase "has not filed or is not entitled to file at such time, a claim for disability ..." appears to have been added by the Legislature to make it clear that the employer/carrier is responsible for attorneys fees when there is no matter in controversy when the claim is filed other than medical benefits.[5] The legislative history of Section 440.34(2)(a) buttresses this conclusion.[6] Further, this interpretation is consistent with past interpretations by this court, Exceptional Children's Home & Nursery, Inc. v. Fortuna, 414 So.2d 1130, 1131 (Fla. 1st DCA 1982); and Bailey v. Hawes *77 Chrysler-Plymouth, 410 So.2d 986 (Fla. 1st DCA 1982).[7] The special circumstances present in Landers Construction v. Delauder, 417 So.2d 989 (Fla. 1st DCA 1982), are not present here.
Accordingly, the order of the deputy commissioner is REVERSED.
MILLS and ERVIN, JJ., concur.
NOTES
[1] Section 440.34(2)(a) provides, in part:

(2) ... A claimant shall be responsible for the payment of his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
(a) Against whom he successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident; ...
[2] We regard the "claim," for Section 440.34(2)(a) purposes, as the one filed with the division on September 7, 1979, which included compensation as well as medical benefits. Thus, the November 1, 1979 request for an operation submitted to the E/C, but not filed as a claim in accordance with Section 440.19(2)(d), did not qualify as a claim. The filing of a claim is no mere formality in this context, because by filing a claim, the division is enabled to conduct its investigation and attempt to resolve the dispute without resort to a hearing. Section 440.19(1). By failing to file a separate claim for specific medical benefits alone the claimant thwarted an important self-executing feature of the 1979 Workers' Compensation Law.
[3] Sadowski, et al., "The 1979 Florida Workers' Compensation Reform: Back to Basics," 7 Fla. St.L.Rev. 641, 670-671.
[4] Although we have been unable to document the specific reasoning employed by the Legislature with respect to Section 440.34(2)(a) (now Section 440.34(3)(a), Florida Statutes (1981)), we can readily appreciate reasons why recovery of attorney's fees would be provided for in the case of medical benefits, but not for compensation benefits. One reason is that compensation benefits provide, at least to some extent, a fund from which such fees might be paid, while medical benefits result only in payments to third party medical care providers.
[5] "The new law requires the claimant to pay 100% of his attorney's fees on all claims for benefits except if the claim is for medical benefits only and does not include a claim for disability, permanent impairment, or wage loss benefits... ." Sadowski, supra note 3.
[6] The 1979 Senate passed CS/SB 188 which provided that the claimant would pay 100% of his attorney's fees unless the carrier acted in bad faith or completely denied coverage on a compensable claim. 1979 Senate Journal 71. CS/SB 188 traveled to the House where it was substantially amended. The House version provided that a claimant would be entitled to an attorney's fee from a carrier against whom he successfully asserts a claim for medical benefits. In all other combination of claims the claimant was to be responsible for paying his own attorney's fees. 1979 House Journal 210. The House and Senate then adopted the following language, amending Section 440.34 to read in part:

(2) If the claimant should prevail in any proceedings before a deputy commissioner, commission, or court, there shall be taxed against the employer the reasonable costs of such proceedings, not to include the claimant's attorney's fees. A claimant shall be responsible for the payment of his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
(a) Against whom he successfully asserts a claim for medical benefits only which does not include a claim for disability, permanent impairment, or wage-loss benefits; or
(b) In cases where the deputy commissioner concludes by the issuance of an order that a carrier has acted in bad faith with regard to handling an injured worker's claim and the injured worker has suffered economic loss. For the purposes of this paragraph, "bad faith" means conduct by the carrier in the handling of a claim which amounts to fraud, malice, oppression or willful, wanton or reckless disregard for the rights of the claimant. Any determination of bad faith shall be made by the deputy commissioner through a separate fact-finding proceeding; or
(c) In a proceeding where a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of coverage.
In the situations set forth in paragraph (b) the payment of such attorney's fees shall not be recouped, directly or indirectly, by any carrier in the rate base, premium, or any rate filing. (emphasis supplied)
1979 Senate Journal 296, 1979 House Journal 351, Ch. 79-40 § 27, 1979 Fla.Laws 215.
However, in SB 669, the 1979 legislature again addressed the newly revised workers' compensation law. SB 669 amended Section 440.34 (see above) still further by adding the language "if the claimant has not filed or is not entitled to file at such time" apparently to make it "perfectly clear," according to Sadowski, that the employer/carrier would have to pay 100% of the attorney's fees "on medical benefits only." Sadowski at 671. As changed by SB 669, which passed both the House and Senate, Section 440.34(2)(a) was amended to read:
(2) ... A claimant shall be responsible for the payment of his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
(a) Against whom he successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident; or
1979 Senate Journal 804, 1979 House Journal 1101, Ch. 79-312 § 15, 1979 Fla.Laws 1645.
[7] We caution, however, that our ruling does not preclude an award of attorney's fees for obtaining medical benefits only under other circumstances not present here, such as, for example, where a claim specifically limited to medical benefits is filed subsequent to the filing of a claim for other benefits which has been withdrawn, or where such other benefits claimed have been or are being paid by the E/C either by voluntary acceptance or pursuant to adjudication. Although we will not undertake an analysis of the statute and its application to cases not before us, we agree with the premise implicit in the order of the deputy commissioner here (without agreeing with his conclusion), that where the claimant is awarded medical benefits only, unconnected with and in isolation from other claims, attorney's fees may well be awardable under the statute. The deputy commissioner construed the statutory phrase "at such time" as referring to the time of the hearing, whereas we adopt the more literal (we think) interpretation that the phrase refers to the time when the claim is filed.