424 So.2d 905 (1982)
MONROE COUNTY SHERIFF'S DEPARTMENT/BOARD OF COUNTY COMMISSIONERS, Monroe County Florida and Gallagher Bassett Insurance Service, Appellants,
v.
Charles RUTH, Appellee.
No. AM-332.
District Court of Appeal of Florida, First District.
December 21, 1982.
Rehearing Denied January 26, 1983.
Joseph V. Niemoeller of Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs, Miami, for appellants.
Ramon Malca of Malca & Prager, P.A., Miami, for appellee.
MILLS, Judge.
In this appeal of a workers' compensation order, the deputy did not err in permitting claimant to pose a hypothetical question to a doctor.
The deputy did err in finding that claimant's attorney was entitled to a fee and reserving jurisdiction to set the amount of the fee only.
Claimant was injured in an accident occurring on 20 July 1980. The award of an attorney's fee is controlled by Section 440.34(3)(a), (b), (c), Florida Statutes (1981).
Claimant did not contend in either his claim or prehearing stipulations or contentions that the employer/carrier denied compensability or were guilty of bad faith or that he sought medical benefits only. The deputy did not find in his order that the employer/carrier denied compensability or were guilty of bad faith or that claimant sought medical benefits only.
In the absence of a contention that one of the criteria is claimed [(a), (b), or (c)] and proof of its existence, the deputy has no authority to hold that an attorney's fee is due claimant.
Affirmed in part and reversed in part.
WIGGINTON, J., concurs.
ERVIN, J., concurs and dissents with opinion.
*906 ERVIN, Judge, concurring and dissenting.
I concur in that portion of the majority's opinion affirming the deputy's order relating to the hypothetical question posed. I respectfully dissent to that part of the opinion reversing the deputy's reservation of jurisdiction to determine the reasonableness of an attorney's fee. In my judgment, such reservation is a non-final, non-appealable order; hence one that should not be entertained on appeal. See Sunny Pines Convalescent Center v. Walters, 422 So.2d 1079 (Fla. 1st DCA 1982), which specifically so holds.
Since, however, the majority has reached the merits of the propriety of the deputy's reservation of jurisdiction, I too will address it, and find it sustainable. The appellee's claim for benefits was couched in the following language:
1. Medical care including hospitalization, surgical care at John Hopkins Medical Institute at Baltimore Maryland.
2. Follow-up medical care following the surgery.
3. Temporary Total Disability benefits and/or Temporary Partial Disability benefits from the date the claimant is admitted to the hospital for surgery.
4. Attorneys fees, costs, and interest and penalties.
The facts reveal that the employee suffered injuries to his head as a result of a fall while in the course and scope of his employment. The e/c did not controvert the accident as compensable. It did, however, deny that the accident aggravated claimant's preexisting condition of Mucopolysaccharidosis, Type Six. The pretrial stipulation divulges that the primary contention between the carrier and the claimant was the request for medical care at Johns Hopkins Institute, where claimant had previously been treated for his condition, as well as for surgery and follow-up care. The carrier's position was that no medical treatment was necessary after July 25, 1980, following the accident which occurred on July 21, 1980.
The majority's opinion sustains the deputy's order directing the carrier to provide the claimant with the requested medical care at Johns Hopkins, together with temporary total disability benefits upon admission to the hospital (no temporary partial disability benefits were ordered); yet it reverses the order as it relates to the reservation of jurisdiction for the purpose of determining a reasonable attorney's fee. I think one can justifiably conclude that the employee's claim was essentially one for medical benefits as well as incidental disability benefits following the importuned surgery.
A claim for temporary total disability benefits following certain requested surgery has been held to be part of a claimant's essential medical care, and as such not to disqualify an award of attorney's fees under Section 440.34(2)(a), Florida Statutes (1979).[1] As we stated in Landers Construction v. Delauder, 417 So.2d 989 (Fla. 1st DCA 1981):
The inclusion of a claim for "continuing temporary total disability benefits after said surgery" is part of claimant's essential medical care and does not disqualify the claim under Section 440.34(2)(a). Nor does the claim for interest, penalties, attorney's fees and costs disqualify the claim as being one for "medical expenses" only, since these items are statutorily provided once the Deputy has determined that medical benefits due claimant have not been properly paid.
Id. at 989.
In the present case, the claim for disability benefits was dependent upon and a consequence of the claim for medical benefits. Only if the claim for the requested surgery were granted would the claim for disability benefits be pertinent. Therefore, consistent *907 with Landers, the claim before the deputy was in essence one for medical benefits, and since the employee prevailed on that claim, he should be entitled also to an assessment of attorney's fees against the carrier. Accordingly, if we must address the merits of the deputy's reservation of jurisdiction to determine the reasonableness of attorney's fees, I would also affirm it.
NOTES
[1] Although Landers involved an interpretation of the 1979 statute, the 1980 statute, which applies to the claim before us, since the accident occurred on July 21, 1980, is identical to that portion of its predecessor in permitting a claimant to recover an attorney's fee from a carrier or employer "[a]gainst whom he successfully asserts a claim for medical benefits only, ... ." Section 440.34(3)(a), Florida Statutes (Supp. 1980).