LARRY G. SMITH, Judge.
The employer/self-insured appeals an order of the deputy commissioner awarding *132 temporary total disability compensation benefits, payment of certain medical bills, and attorney’s fees. We agree that the deputy’s award of attorney’s fees was improper and must be reversed. In all other respects, the order is affirmed.
Section 440.34(2), Florida Statutes (1979), provides for the award of attorney’s fees in three instances, none of which occurred here. No evidence was presented establishing bad faith on the part of the employer/self-insured and the employer/self-insured did not deny that claimant suffered a compensable injury, therefore paragraphs (b) and (c) of Section 440.34(2) are inapplicable. Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981). Nevertheless, claimant contends that Section 440.34(2)(a) is applicable even though he filed á claim for temporary disability as well as a claim for medical benefits, since the claim for temporary benefits was essentially part of his claim for medical benefits. Landers Construction v. Delauder, 417 So.2d 989 (Fla. 1st DCA 1981).
However, claimant misapprehends our decision in Landers. In Landers, the claim was for “Authorization for surgery by Dr. Ronald Lakusiewicz; continuing temporary total disability after said surgery; hospital expenses for said surgery; and any and all related medical expenses ...” This court allowed a fee reasoning that the inclusion of a claim for “continuing temporary total disability benefits after said surgery” was part of claimant’s essential medical care and did not disqualify the claim under Section 440.34(2)(a). In this case, claimant filed a separate claim for temporary total disability benefits to begin January 12, 1981, a date which preceded his hospitalization and surgery for which a separate claim for medical benefits was filed. Hence it cannot be said that the claim for temporary total disability was part of claimant’s essential medical care. See, Gunn’s Quality Glass v. Strode, 425 So.2d 73 (Fla. 1st DCA 1982), opinion filed December 16, 1982.
Accordingly, that portion of the deputy’s order awarding attorney’s fees is REVERSED.
ERVIN and SHIVERS, JJ., concur.