451 So.2d 939 (1984)
STATE OF FLORIDA/SUNLAND CENTER and Crawford & Company, Appellants,
v.
Blanche CAMPBELL, Appellee.
No. AV-396.
District Court of Appeal of Florida, First District.
June 7, 1984.
Wendell J. Kiser, of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
George J. Adler, Orlando, for appellee.
SHIVERS, Judge.
In this workers' compensation case, the employer/carrier appeal an order of the deputy commissioner which establishes entitlement to attorney's fees pursuant to section 440.34(2)(a), Florida Statutes (1979). We affirm.
Appellee injured her low back in a compensable industrial accident on September 5, 1979. Subsequently, she was treated for this injury by several physicians. In June 1983, she filed a claim for "additional medical treatment by Dr. Ed Farrar; costs and attorney's fees." After a hearing, the deputy commissioner awarded the additional medical treatment in an order dated September 21, 1983. On October 17, 1983, the September order was amended to reflect that the claimant's attorney was entitled to a fee to be paid by the employer/carrier. The deputy commissioner stated, "I base this conclusion on the fact that claim was made for a change of physicians, and I consider this to be a claim for medical benefits only pursuant to Florida Statute *940 section 440.34(3)(c)."[1] On appeal, the employer/carrier contend that the deputy commissioner erred in finding appellee's claim for change of treating physician to be a "claim for medical benefits only."
In Gunn's Quality Glass & Mirrors v. Strode, 425 So.2d 73 (Fla. 1st DCA 1982), this court discussed the legislative intent underlying section 440.34(2)(a), Florida Statutes (1979):
Although we have been unable to document the specific reasoning employed by the Legislature with respect to section 440.34(2)(a) (now section 440.34(3)(a), Florida Statutes (1981)), we can readily appreciate reasons why recovery of attorney's fees would be provided for in the case of medical benefits, but not for compensation benefits. One reason is that compensation benefits provide, at least to some extent, a fund from which such fees might be paid, while medical benefits result only in payments to third party medical care providers.
425 So.2d at 76 n. 4. Strode also states that the Legislature intended to make it clear that the employer/carrier are responsible for attorney's fees when there is no matter in controversy when the claim is filed other than medical benefits. In the instant case, the award of evaluation and treatment by Dr. Farrar, whether denominated a "change of treating physician" or "additional medical treatment," does not provide a fund from which appellant can pay her attorney but will result only in payments to a medical care provider. We hold that the deputy commissioner correctly found this claim to be one for medical benefits only.
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.
NOTES
[1] The reference to section 440.34(3)(c) appears to be a scrivener's error. Since the date of accident in the instant case is September 5, 1979, the reference should be to section 440.34(2)(a), Fla. Stat. (1979) (current version at section 440.34(3)(a), Fla. Stat. (1983)).