WOLF, Judge.
Employer/carrier appeals from an order “assessing additional attorney’s fees” for claimant’s counsel’s efforts to enforce the preparation and signing of a stipulated settlement of attorney’s fees related to the attorney’s efforts in reference to the underlying compensation claim. The claimant cross-appeals, challenging the sufficiency of the attorney’s fee award. We find no statutory authority for the attorney’s fee award and reverse. It is, therefore, unnecessary for us to address the issue raised by the cross-appeal.
On July 19, 1989, the judge of compensation claims entered an order “assessing additional attorney’s fees.” The order was issued in response to a motion to enforce settlement which was directed to the employer/carrier’s failure to prepare and execute an attorney’s fee stipulation between the parties. The proposed settlement of attorney’s fees was agreed to on June 6, 1989, in conjunction with an agreement concerning claimant’s entitlement to compensation benefits.[1]
The order assessing the additional fees made the following findings of fact:
1. That an agreement as to attorney’s fees for services rendered was entered into on June 6, 1989, and counsel for the employer/carrier insisted on preparing the appropriate stipulation.
2. That attorney Yvonne Reed’s office made numerous telephone calls to the attorney for the employer/carrier requesting the stipulation, but same was not forwarded to attorney Reed until June 15, 1989, and received the following day by attorney Reed, executed and returned to the attorney for the employer/carrier on June 16, 1989, and received by the attorney for the employer/carrier on June 19, 1989.
3. After that time, Attorney Reed or a representative from her office made numerous telephone calls requesting that the stipulation merely be executed by the attorney for the employer/carrier and forwarded to the deputy commissioner’s office for the entry of the order thereon and was assured on several occasions that it would be executed and sent out.
4. That in spite of the agreements to execute the stipulation, the attorney for the employer/carrier did not forward same to the deputy commissioner’s office until July 5, 1989, and said stipulation was received by the Office of the Deputy Commissioner on July 7, 1989, and the order was entered on July 10, 1989.
5. That the undersigned feels that there was unreasonable delay in complying with an agreement and stipulation by the parties, necessitating the efforts of attorney Reed and her staff in enforcing *44 agreements made by the representatives of the employer/earrier.
6. Attorney Reed’s office has expended some eleven (11) hours in enforcing the stipulation of the parties and I find that a fee of five hundred dollars ($500) is appropriate under the circumstances.
(R. 112-115).
While we do not condone the behavior of the employer/carrier’s attorney, we find no statutory authority to grant attorney’s fees.
Accordingly, based upon the authority of Monroe County Sheriff's Dep’t v. Ruth, 424 So.2d 905 (Fla. 1st DCA 1983), we reverse the decision of the judge of compensation claims and remand with directions for the judge to enter an order consistent with the opinion of this court. Reversed and remanded.
SHIVERS, C.J., and BOOTH, J., concur.

. Appellee/cross-appellant argues that the order assessing additional fees was related to not only enforcement of the attorney's fee agreement but also to securing execution of the washout settlement. A careful review of the transcript, order, and motions does not support this contention, nor is it clear that there would be statutory authority to enforce such an unexecuted and unapproved settlement agreement.