PER CURIAM.
Claimant Amitton Chery appeals a workers’ compensation order that denies his request for an award of attorney’s fees pursuant to section 440.34, Florida Statutes (Supp.1990). The order ruled that although the attorney was successful in obtaining authorization for an evaluation at a pain clinic after filing a claim for such, this was not a monetarily measurable benefit to the claimant. According to a letter from the carrier’s attorney to Claimant’s attorney, the carrier’s authorization for claimant to obtain such an evaluation remained in effect as of the hearing on this request. We hold that Claimant’s attorney did in fact obtain a benefit for Claimant that meets the requirements of section 440.34. See Robinson v. Howard Hall Co., 219 So.2d 688 (Fla.1969); State of Florida/Sunland Center v. Campbell, 451 So.2d 939 (Fla. 1st DCA 1984); East Coast Tire Co. v. Denmark, 381 So.2d 336, 339 (Fla. 1st DCA 1980) (“It is reasonable also to conclude that ‘benefits’ need no longer refer only to controverted monetary compensation benefits obtained by completing a successful prosecution of a claim. Instead, for example, the consideration of ‘benefits resulting to the claimant’ under factor (l)(d) of the statute may encompass benefits, monetary or otherwise, reasonably accruing to a claimant who seeks legal advice on his rights under the statute.”) Cf. The Law Office of James E. Dusek, P.A. v. T.R. Enterprises, 19 Fla.L.Weekly D1396, corrected, 644 So.2d 509 (Fla. 1st DCA 1994).
Accordingly, we REVERSE and REMAND for further proceedings on the request for attorney’s fees.
ZEHMER, C.J., and BOOTH and DAVIS, JJ., concur.