650 So.2d 1117 (1995)
WOMETCO ENTERPRISES and Cigna Insurance Co., Appellants,
v.
Irma CORDOVES, Appellee.
No. 94-1746.
District Court of Appeal of Florida, First District.
February 24, 1995.
Edward W. Levine of Arrick & Levine, Miami, for appellants.
Jay M. Levy, Miami, for appellee.
PER CURIAM.
After the issues relating to the claimant's entitlement to benefits were resolved, the Judge of Compensation Claims entered an order which found that claimant's counsel is *1118 entitled to an attorney's fee award. This order expressly reserved jurisdiction to determine the amount of the fee. The employer/carrier timely appealed the order to this court.
Appellee has moved to dismiss this appeal for lack of jurisdiction, contending that the order is neither a final order nor an appealable non-final order. We agree and dismiss the appeal.
In City of Tampa v. Fein, 438 So.2d 442 (Fla. 1st DCA 1983), receded from on other grounds, Crittenden Orange Blossom Fruit v. Stone, 492 So.2d 1106 (Fla. 1st DCA 1986) (en banc), approved, 514 So.2d 351, 352 (Fla. 1987) and Sunny Pines Convalescent Center v. Walters, 422 So.2d 1079 (Fla. 1st DCA 1982) this court held that an order of this nature is not appealable. These cases were correctly decided and will be followed in this case and in the future. The parties have brought to our attention, however, two cases which appear to be contrary authority on this jurisdictional issue. The issue in State/Sunland Center v. Campbell, 451 So.2d 939 (Fla. 1st DCA 1984) was the correctness of a finding of entitlement to attorney's fee. The decision, however, is silent as to whether the order on review also set the amount of the fee and contains no discussion of the jurisdictional issue. Therefore, Campbell is not dispositive on the issue of appellate jurisdiction. In Monroe County Sheriff's Department/Board of County Commissioners v. Ruth, 424 So.2d 905 (Fla. 1st DCA 1982) the majority addressed a number of issues including entitlement to attorney's fee without discussion of the jurisdictional question. Judge Ervin, dissenting on the jurisdictional issue, objected to the panel reaching the issue of entitlement to an attorney's fee prior to a determination of the amount. Ruth is of questionable vitality on the jurisdictional issue because the majority did not address it. Further, appeals of interlocutory orders are now controlled by Florida Rule of Workers' Compensation Procedure 4.160(b), which became effective in 1992. This rule does not authorize appeal of a non-final order of this nature. Ruth, to the extent it can be read favorably to appellants' position on the controlling jurisdictional question, has been impliedly overruled by the adoption of Rule 4.160(b).
APPEAL DISMISSED.
ZEHMER, C.J., and KAHN, J., concur.
DAVIS, J., concurs in result.