674 So.2d 881 (1996)
NORTH RIVER INSURANCE COMPANY c/o Crum & Forster and M.F. Hinote & Son, Appellants,
v.
Wayne WUELLING, Appellee.
No. 95-4050.
District Court of Appeal of Florida, First District.
May 29, 1996.
William H. Rogner of Hurley & Rogner, Orlando, for Appellants.
Stephanie A. Taylor of McKenzie & Soloway, Pensacola, for Appellee.
DAVIS, Judge.
Appellee (claimant below) moves to dismiss this appeal of an order awarding medical benefits, interest and costs, as well as determining the claimant's entitlement to attorney's fees, but reserving jurisdiction to set the amount of the fee. Appellee asserts that the order of the Judge of Compensation Claims is neither a final order nor an appealable non-final order, under Wometco Enterprises v. Cordoves, 650 So.2d 1117 (Fla. 1st DCA 1995). In Wometco this court dismissed an appeal of an order determining entitlement to an award of attorney's fees but reserving jurisdiction to set the amount. Wometco does not require dismissal under the circumstances shown here, therefore we deny the motion to dismiss.
*882 In the order under review, the judge ruled that the claimant's petition for benefits was not barred by the statute of limitations. He ordered the employer/carrier (e/c) to pay claimant's medical expenses, interest on all past due benefits and to reimburse the claimant for his taxable costs. The order also found that the claimant's attorney was entitled to a reasonable fee to be paid by the e/c, but reserved jurisdiction to set the amount.
Claimant has moved to dismiss the appeal, arguing that because of the reservation of jurisdiction solely to determine the amount of the attorney fee, the order was neither a final order nor an appealable non-final order authorized by Florida Rule of Workers' Compensation Procedure 4.160(b). The claimant relies upon Wometco Enterprises v. Cordoves, 650 So.2d 1117 (Fla. 1st DCA 1995). In Wometco, the issue was whether an order finding entitlement to attorney's fees, but reserving jurisdiction to set the amount, was a final appealable order. That order is distinguishable from the order in this case, which awarded compensation benefits to the claimant, as well as determining entitlement to attorney's fees. This order is a final appealable order.
Accordingly, the order under review is a final appealable order. The motion to dismiss is therefore DENIED.
BARFIELD and ALLEN, JJ., concur.