ERVIN, Judge,
dissenting.
I would reverse and remand this case for reconsideration of the amount of attorneys fees, because I am unable to find any competent, substantial evidence (CSE) in the record to support an award based on only 50 hours.
In considering this case, it is important to understand that the hearing actually involved two claims for attorneys fees. The first arose from a claim for temporary partial disability (TPD) benefits, which was the subject of a hearing on September 17, 1998. The second involved a claim for payment of Dr. Barnett’s past medical bills and for authorization of future care by Dr. Barnett, which was the subject of a February 7, 1994, hearing.
It was the position of the employer and its insurance carrier (hereinafter, collectively the E/C) that the claimant was entitled to fees on the TPD claim, but not on the authorization and medical bill claim, because alternative care had been offered. The judge of compensation claims (JCC) found, however, that the claimant obtained a substantial benefit in the form of authorization of Dr. Barnett and payment of his past medical bills. Nevertheless, it appears that the JCC failed to make any award for the claimant’s attorney’s efforts on the authorization/medical bill claim.
The JCC concluded that 50 hours were reasonably expended on the case, and he awarded a $15,000 fee, based on an hourly rate of $300. In so doing, the JCC was *407 persuaded by the testimony of Kennie Edwards, the E/C’s attorney. He stated that 50 hours at $300 per hour, for a total of $15,000, was a reasonable attorney’s fee for the work done on the case through the first merits hearing of September 1993. His testimony, however, cannot constitute CSE of the hours reasonably expended by the claimant’s lawyer on the claim for authorization of Dr. Barnett, because that claim did not arise until after the September 1993 merits hearing. Moreover, Edwards specifically testified that, in his opinion, claimant was not entitled to a fee on the authorization claim and his fee calculation excluded any time spent on proving it.
The law is clear that a claimant is entitled to an attorney’s fee based upon the benefits obtained in the successful prosecution of a claim. § 440.34(l)(d), Fla. Stat. (Supp.1990); Chevy v. Southeast Serv. Corp., 644 So.2d 148 (Fla. 1st DCA 1994) (although obtaining authorization for evaluation at a pain clinic was not a monetarily measurable benefit to claimant, it nevertheless was a benefit that should be considered in an attorney’s fee award). Consequently, the JCC erred in failing to include in the attorney’s fee award a reasonable fee for time furnished by the claimant’s attorney on the successful prosecution of the claim for authorization of Dr. Barnett and payment of his past medical bills. I would therefore reverse the order and remand the ease with directions to the JCC to reconsider the fee award.
Even if the award could be affirmed in regard to the authorization claim, as the majority has decided, I would still reverse the order as it relates to payment for time provided by legal assistants, that is, paralegals, in the prosecution of the claim. Claimant’s attorneys produced time sheets indicating a total expenditure of 329.9 hours on the case, 212.2 of which were furnished by paralegals and the remaining 117.7 by attorneys. The JCC concluded that a substantial reduction in the claimed hours was necessary for the reason that two-thirds of the hours were contributed by paralegals at the billable rate of $75 per hour. In support of his decision, the JCC referred to Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986), which deemed that a separate award for the paralegals’ time was not appropriate, because only work performed by an attorney was recoverable.
In my judgment, the continuing vitality of the Bill Rivers rule is now very much in doubt. There the court held that it was error to award attorney’s fees for the time expended by the legal assistant employed by the attorney. In so deciding, the court relied on section 448.08, Florida Statutes, which limited fee awards to costs of the action and attorney’s fees, and, because paralegals’ services were neither costs nor attorney’s fees, the court determined they could not be included in the award. The following year, however, the legislature enacted section 57.104, Florida Statutes (1987), which requires appraisement of the time and labor of any legal assistant who has contributed nonclerical, meaningful legal support when determining and awarding attorney’s fees. By its adoption of section 57.104, it appears to me that the legislature has modified the Bill Rivers rule. See Estate of Paulk v. Lindarmood, 529 So.2d 1150, 1152 n. 4 (Fla. 1st DCA 1988) (discussing effect of the statutory change to Bill Rivers). Consequently, the JCC’s reliance on Bill Rivers in this case is, in my judgment, misplaced.
Additionally, I note that in In re Estate of Platt, 586 So.2d 328, 336 (Fla.1991), the Florida Supreme Court broadly stated: “Usually, secretarial work is included in an attorney’s hourly fee while paralegal work may be charged separately.” (Emphasis added.) See also Loper v. Allstate Ins. Co., 616 So.2d 1055, 1061 (Fla. 1st DCA 1993); (trial court failed to enter a judgment, as required by section 57.104, reflecting estimation of legal assistant’s time). Accord Carlson v. Carlson, 639 So.2d 1094 (Fla. 4th DCA 1994); Whitlow v. South Ga. Natural Gas Co., 650 So.2d 637 (Fla. 1st DCA 1995).
Although the JCC stated in the order that the hours furnished by the paralegals should be considered in setting a reasonable fee, his findings, when considered in their entirety, are so inconsistent that they preclude meaningful appellate review. For example, one paragraph of the order recites that the total amount of hours (329.9) should be substantially decreased, because 212.2 of them were attributable to paralegals. Nevertheless, the JCC then declined to make a separate award for those paralegal hours based on Bill Riv *408 ers. Yet in another paragraph, the JCC states that the paralegals’ time was considered by him in determining that 50 hours were reasonably expended on the case. If the claimed hours were reduced, because they included paralegal time, then it cannot be logically said that the reduced hours include paralegal time.
Under the circumstances, I find it impossible to ascertain from the order whether the JCC would have reached the same result in the absence of his erroneous conclusion that he was prevented from awarding a separate fee for services provided by paralegals. I therefore would reverse the order on this issue as well, and remand the case with directions for the JCC to clarify his findings regarding how he arrived at his decision that only 50 hours of legal services were reasonably expended.