BENTON, Judge.
Hendry County School Board (School Board) and McCreary Corporation appeal an award of attorney’s fees in the amount of $17,500. The award is predicated on Clarice Mitchell’s lawyer’s success in obtaining less than $300 in workers’ compensation indemnity benefits for her, together with timely furnished medical benefits. We find no entitlement to a fee award and reverse.
At issue is whether Ms. Mitchell’s lawyer is entitled to a fee at the appellants’ expense under section 440.34(3)(a) or (b), Florida Statutes (1995). Subsubsection (a) authorizes a fee award when an injured employee prevails on a petition for benefits containing a claim for medical benefits only. See Gulledge v. Dion Oil Co., 605 So.2d 482 (Fla. 1st DCA 1992); Gunn’s Quality Glass & Mirrors, Inc. v. Strode, 425 So.2d 73 (Fla. 1st DCA 1982). Subsubsection (b) authorizes a fee award when an injured employee prevails on a petition for benefits in “any case in which the employer or carrier files a notice of denial with the division.”
■When Ms. Mitchell was injured on September 24, 1996, the School Board accepted her injury as compensable. On November 8, 1996, a lawyer filed a petition for benefits requesting temporary benefits for the periods from September 25 to October 6, 1996, and from October 12, 1996, and continuing. The petition requested that claimant’s correct average weekly wage be determined and sought further treatment with the chiropractor already authorized to treat her. Finally, the petition made an initial request for orthopedic evaluation, asking specifically that a Dr. Hoover be authorized to perform the evaluation.
Twelve days after the petition for benefits was filed, the employer responded by filing a notice of denial, which stated that no temporary benefits were due, that Dr. Studley remained authorized to provide chiropractic care, and that Dr. Gorman was authorized to provide an orthopedic evaluation.
The claimant has since conceded that the School Board’s determination of average weekly wage exceeded what, she requested, and that, at the time the petition for benefits was filed, the employer had paid all temporary benefits she was owed at any time in 1996.
On May 15, 1997, however, Ms. Mitchell’s lawyer informed the employer that he thought the claimant was entitled to temporary indemnity benefits for. a week she missed work in January of 1997. The employer did not deny that benefits were due, and, on June 5, 1997, paid a week’s worth of indemnity benefits, together with penalties and interest, on account of the January period.
After her employer authorized Dr. Gor-man, Ms. Mitchell informed the employer that she did not want to be evaluated by Dr. *816 Gorman. The School Board then authorized — and Ms. Mitchell agreed to be evaluated and treated by — one Dr. Stashak.
It is the employer’s prerogative to name treating physicians, as the School Board did here, first designating Dr. Gorman, then designating Dr. Stashak on whom the parties agreed. That the offer to pi'ovide Dr. Gor-man was written on the form notice of denial the School Board filed as to indemnity benefits is immaterial. The medical care Ms. Mitchell requested in the petition for benefits — an orthopedic evaluation — was furnished by the employer within a reasonable time, never having been denied.
No independent medical evaluation was sought or obtained: A prerequisite dispute never arose. Nor did the petition for benefits claim “medical benefits only.” § 440.34(3)(a), Fla. Stat. (1995). Subsubsection (a) provides no basis for a fee award.
As for subsubseetion (b), Ms. Mitchell did not prevail as to any benefits as to which “the employer or carrier file[d] a notice of denial with the division.” § 440.34(3)(b), Fla. Stat. (1995). Ms. Mitchell has conceded that at the time she filed her petition for benefits, no temporary indemnity benefits were due and owing. At the time the petition for benefits and the notice of denial were filed, there was no entitlement to continuing temporary — or any other — indemnity benefits. The notice of denial the School Board filed did not deny any benefit the School Board owed.
When Ms. Mitchell later advised the School Board that she sought indemnity benefits for a week in January of 1997, the School Board did not contest her entitlement. Instead, it paid the benefits she sought, together with penalties and interest. Ms. Mitchell never filed a new or amended petition seeking the January benefits. She did not obtain indemnity benefits which were due her when a notice of denial was filed or any continuation of such benefits.
The School Board did not file a notice of denial after entitlement to the benefits arose in January of 1997. Because no notice of denial was addressed to these non-continuing benefits and no new or amended petition seeking these benefits was filed, subsubseetion (b) does not authorize the award of a fee.
The award of an attorney’s fee is reversed.
VAN NORTWICK and PADOVANO, JJ., concur.