731 So.2d 699 (1999)
Mark ALLEN, Appellant,
v.
TYRONE SQUARE 6 AMC THEATERS and Travelers Insurance Company, Appellees.
No. 98-1017.
District Court of Appeal of Florida, First District.
February 2, 1999.
Dana L. Greenbaum of Greenbaum & Bergman, St. Petersburg, for Appellant.
Peter H. Dubbeld and Edwin Kravitz Jr. of Dubbeld & Kaelber, P.A., St. Petersburg, for Appellees.
BENTON, J.
In this workers' compensation case, we reverse the denial of Mark Allen's petition for attorney's fees. Authorizing medical benefits within fourteen days of the filing of a petition for medical benefits only does not preclude an award of attorney's fees under section 440.34(3)(a), Florida Statutes (1997). When a specific request for reasonable and necessary medical care is made, the employer is under an obligation to provide the benefits within a reasonable time whether or not a petition for medical benefits is ever filed.
Mr. Allen had an accident arising out of his employment with Tyrone Square 6 AMC Theaters (AMC) on March 11, 1994. That the accident is compensable has never been in dispute. Subsequently Mr. Allen filed two separate requests for assistance followed by two separate petitions for benefits seeking specified medical benefits only. Within fourteen days of the filing of each petition, Travelers Insurance Company (Travelers), AMC's workers' compensation insurance carrier, authorized the medical care each petition requested. At issue now is whether AMC and Traveler's are responsible for attorney's fees[1] that Mr. Allen incurred in securing these medical benefits.
*700 Mr. Allen's verified fee petition raised the issue. In her Order Denying Attorney Fee at Employer/Carrier's Expense, the judge of compensation claims reasoned, as follows:
1. On May 14, 1997 a Petition for Benefits was served seeking authorization of a pain management program recommended by Dr. O'Connor on March 17, 1997, together with attorney's fees. The Petition was received by the carrier on May 15, 1997, and on May 29, 1997, within fourteen days of receipt of the Petition, a DWC-12 Notice of Denial was filed indicating that the requested benefit was authorized and that the claimant had an appointment with Dr. George Chaumont on June 18, 1997. Attorney's fees were denied as being not due or owing.
2. On August 29, 1997 a Petition was served seeking authorization of cervical facet injections prescribed by Dr. Chaumont on June 20, 1997, together with attorney's fees. The Petition was received by the carrier on September 3, 1997, and on September 12, 1997, within fourteen days of receipt of the Petition, a DWC-12 Notice of Denial was filed indicating that medical treatment had been authorized. Attorney's fees were denied as being not due or owing.
. . . .
5. § 440.34(3)(a), Florida Statutes, provides for the payment of a fee by the employer or carrier if the claimant successfully asserts a claim for medical benefits only and he has not filed or is not entitled to file a claim for disability, permanent impairment, wage loss or death benefits arising out of the same accident. No Petition or claim was pending for any form of indemnity benefits and no evidence was submitted indicating that the claimant was otherwise entitled to benefits of this nature.
6. However, § 440.192(8) provides that a carrier, within fourteen days after receipt of a Petition for Benefits by certified mail, must either pay the requested benefits or file a Notice of Denial. This section appears to conflict with § 440.34(3)(a), as it seemingly gives a carrier fourteen days to act on a Petition.
Under this theory, an employer may ignore a request for medical benefits with impunity until fourteen days after a petition for medical benefits only has been filed.
Such a result undermines important objectives of the Workers' Compensation Law. Substantially unchanged since 1979, language now found in section 440.34(3)(a), Florida Statutes (1997), authorizes requiring payment of the claimant's attorney's fees by an employer
[a]gainst whom she or he successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wageloss, or death benefits, arising out of the same accident.
Explaining the rationale for (a predecessor of) this provision, we said in Dalton v. Orange County Sheriff, 503 So.2d 406, 408 (Fla. 1st DCA 1987):
The fee for recovering medical benefits becomes due because the employer and carrier, in denying a medical claim later established to be well-taken, defeat the self-executing purpose of the workers' compensation statute and compel the claimant to employ an attorney to prosecute the medical benefits claim. Bacon v. Broward Employment & Training Administration, 501 So.2d 724 (Fla. 1st DCA 1987).
Allowing the employer to disregard a request for medical benefits until after a petition for benefits has been filed would "defeat the self-executing purpose of the workers' compensation statute."
Another difficulty with the argument that employers and carriers always have fourteen days after receiving a petition for medical benefits only within which to authorize the benefitswithout being liable *701 for fees under subsubsection (a)is that interpreting the statute in this way renders subsubsection (a) surplusage.[2]
Subsubsection (a) authorizes a fee award when an injured employee prevails on a petition for benefits containing a claim for medical benefits only. See Gulledge v. Dion Oil Co., 605 So.2d 482 (Fla. 1st DCA 1992); Gunn's Quality Glass & Mirrors, Inc. v. Strode, 425 So.2d 73 (Fla. 1st DCA 1982). Subsubsection (b) authorizes a fee award when an injured employee prevails on a petition for benefits in "any case in which the employer or carrier files a notice of denial with the division."
Hendry County Sch. Bd. v. Mitchell, 716 So.2d 814, 815 (Fla. 1st DCA 1998). We held in Russell Corp. v. Brooks, 698 So.2d 1334, 1335 (Fla. 1st DCA 1997):
In practical effect, the appellants' failure to respond to the petition for benefits... [within fourteen days] operated not as an admission ... but as a denial of every allegation in the petition for benefits.
See also id. at 1337 (Ervin, J., concurring) ("[T]he carrier that takes no action can be subjected to ... attorney's fees under section 440.34(3), Florida Statutes (Supp. 1994), particularly under subsection (b) thereof....").
Under appellees' construction of the statute, only a claimant entitled to an award of attorney's fees under subsubsection (b) could be entitled to benefits under subsubsection (a). "Statutory interpretations that render statutory provisions superfluous `are, and should be, disfavored.'" Johnson v. Feder, 485 So.2d 409, 411 (Fla. 1986) (quoting Patagonia Corp. v. Board of Governors of the Fed. Reserve Sys., 517 F.2d 803, 813 (9th Cir.1975)). See Unruh v. State, 669 So.2d 242, 245 (Fla.1996); City of North Miami v. Miami Herald Publ'g Co., 468 So.2d 218, 219-20 (Fla. 1985).
Before filing the petitions, Mr. Allen filed requests for assistance in obtaining the medical benefits that became the subjects of the petitions for benefits. Indeed, an "employee may not file a petition requesting any benefit under [the Workers' Compensation Law] unless the employee has exhausted the procedures for informal dispute resolution under [section 440.191, Florida Statutes (1997)]." § 440.191(2)(a), Fla. Stat. (1997). AMC and Travelers do not contend that they first learned of the medical benefits that Mr. Allen sought when the petitions for medical benefits only were filed.
Referring to the petitions for benefits and the antecedent requests for assistance, Mr. Allen's counsel argued to the judge of compensation claims that "it's not as if they didn't have any notice of what our request was." Counsel for AMC and Travelers confirmed his clients' knowledge of the requests for assistance,[3] responding: *702 "Ben is right ... as far as the fact that they [AMC and Travelers] could have and maybe should have done something during the RFA [request for assistance] process. But it seems like most carriers look at that as though it's just a free time."
No statute gives a workers' compensation insurance carrier any "free time" before honoring a specific request to provide a worker injured in a covered industrial accident medical benefits the carrier knows to be reasonable and necessary because of injury the accident caused. Addressing non-emergency situations, section 440.13(2)(c), Florida Statutes (1997), provides simply that "[t]here must be a specific request for the treatment, and the employer or carrier must be given a reasonable time period within which to provide the treatment or care." In this connection, see section 440.13(3)(d) and (i), Florida Statutes (1997).
Unless medical benefits are furnished within a reasonable time after being specifically requested, an award of a claimant's attorney's fees is authorized under section 440.34(3)(a), Florida Statutes (1997), against any employer or carrier "[a]gainst whom she or he successfully asserts a claim for medical benefits only." § 440.34(3)(a), Fla. Stat. (1997). An employer or carrier who waits for the filing of a petition for benefits before honoring a request to furnish needed medical benefits must be prepared to incur liability for an injured worker's attorney's fees.
After his requests were denied, Mr. Allen duly pursued his remedies under sections 440.191 and 440.192, Florida Statutes (1997), seeking to obtain authorization for treatment before the fact. Even though Travelers authorized the benefits within fourteen days of the petitions for benefits that sought them, it did not provide treatment within "a reasonable time period" following the initial request. It is therefore responsible for the claimant's attorney's fees under section 440.34(3)(a), Florida Statutes (1997).
Reversed and remanded.
BOOTH and PADOVANO, JJ., concur.
NOTES
[1] The verified fee petition seeks a fee of $1720. The amount of the fee sought was not called into question.
[2] Section 440.34, Florida Statutes (1997), provides, in pertinent part

(3) If the claimant should prevail in any proceedings before a judge of compensation claims or court, there shall be taxed against the employer the reasonable costs of such proceedings, not to include the attorney's fees of the claimant. A claimant shall be responsible for the payment of her or his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
(a) Against whom she or he successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident; or
(b) In any case in which the employer or carrier files a notice of denial with the division and the injured person has employed an attorney in the successful prosecution of the claim[.]
[3] While there exists a statutory duty "to attempt to resolve disagreements in good faith," § 440.191(1)(a), Fla. Stat. (1997), no statute or rule explicitly requires a claimant to serve a copy of a request for assistance on the employer or carrier. Doing so is good practice, however, and may well have occurred here. In any event, we infer from counsel's argument to the judge of compensation claims that AMC or Travelers knew of the requests for medical benefits for a substantial part of the (here at least 30-day) informal dispute resolution periods required by section 440.191, Florida Statutes (1997).