BROWNING, J.
Appellant challenges a final order denying attorney’s ' fees under section 440.34(3)(a), Florida Statutes.. We reverse.
Appellant was injured at work on February 8, 1999, filed a request for assistance on February 9, 1999, and, on March 23, 1999, filed a petition for benefits; both documents requested treatment with a cardiologist and a determination of Appellant’s average weekly wage and compensation rate (AWW/CR). Appellee, in response to the request for benefits, filed a pay and investigate letter pursuant to section 440.20(4), Florida Statutes. However, Appellee did not provide the medical benefits requested until 14 days after the filing of the petition for benefits, and Appellant did not actually see a cardiologist under Appellee’s managed care plan until May 19, 1999. At the time Appellant filed his petition for benefits he had not filed, and was not entitled to file, a claim for disability, permanent impairment, wage loss or death benefits arising out of the same accident. See § 440.34(3)(a), Fla. Stat. (2000). On these facts Appellee argues for affir-mance on the grounds that Appellant’s joining of the AWW/CR issue with a claim for medical benefits violated section 440.34(3), Florida Statutes. We disagree.
Section 440.34(3) provides in part that a successful claim for “medical benefits only” entitles a claimant to receive attorney’s fees and costs from the employer “if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident.” § 440.34(3), Fla. Stat. (2000). A claimant may collect attorney’s fees under this provision if benefits are not furnished within a reasonable time after being specifically requested, the claim is *926 for medical benefits only, and the claimant has not filed or is not entitled to file the listed indemnity claims. See Allen v. Tyrone Square 6 AMC Theaters, 731 So.2d 699, 702 (Fla. 1st DCA 1999). These conditions precedent are met in the instant case.
The above dates demonstrate that the provision of benefits was unreasonably delayed in such a way as to defeat the self-executing nature of the workers’ compensation scheme by necessitating the filing of a petition for benefits. See id. at 700.
Appellant’s claim was for medical benefits only, despite his request for a determination of AWW/CR. This Court has previously explained that “the employer/carrier is responsible for attorneys fees when there is no matter in controversy when the claim is filed other than medical benefits.” Gunn’s Quality Glass & Mirrors, Inc. v. Strode, 425 So.2d 73, 76 (Fla. 1st DCA 1982). Appellant’s request for a determination of AWW/CR did not place a “matter in controversy” because such a determination did not affect his eligibility for indemnity benefits.
Appellant did not request indemnity benefits and, at the time of his filings, he was not entitled to indemnity benefits. His request for a determination of AWW/CR did not create such an entitlement. At best, the request was extraneous.[1] We see no reason why Appellant’s request for a determination of AWW/CR should preclude him from receiving statutorily authorized attorney’s fees for his successful claim, which resulted only in the receipt of the medical benefit of treatment with a cardiologist.
Policy supports this result. This Court has recognized that one purpose of section 440.34(3)(a) is to provide a source for attorney’s fees in situations where a claimant does not receive a fund from which he or she could pay attorney’s fees, such as a successful claim for medical benefits. See Westinghouse Electric v. Widlan, 623 So.2d 511, 514 (Fla. 1st DCA 1993); State of Florida/Sunland Ctr. v. Campbell, 451 So.2d 939, 940 (Fla. 1st DCA 1984); Strode, 425 So.2d at 76 n. 4. This describes Appellant’s situation precisely; Appellant received all that he requested yet did not receive a fund from which he could pay attorney’s fees.
For the above reasons, we REVERSE the JCC’s Final Order on Attorney’s Fees and REMAND for reconsideration.
BENTON and PADOVANO, JJ., CONCUR.

. In response to pertinent questioning, neither counsel at oral argument gave a reason for Appellant’s inclusion of a request for a determination of AWW/CR, or explained how such a determination could benefit Appellant or prejudice Appellee.