PER CURIAM.
In this workers’ compensation case, Claimant challenges an order of the Judge of Compensation Claims (JCC) denying his motion for “medical-only” attorney’s fees, payable by the Employer/Carrier (E/C) as provided for in section 440.34(3)(a), Florida Statutes (2012). We affirm.
The parties agree that the E/C conceded Claimant’s entitlement to the benefits claimed in Claimant’s petition for benefits, eight days after it received the petition. Section 440.34(3)(a) allows for E/C-paid attorney’s fees where a claimant “successfully asserts a petition for medical benefits only.” Claimant argues that he is due E/C-paid fees under Allen v. Tyrone Square 6 AMC Theaters, 731 So.2d 699, 699 (Fla. 1st DCA 1999), wherein this court considered section 440.34(3)(a), and held that “[w]hen a specific request for reasonable and necessary medical care is made, the employer is under an obligation to provide the benefits within a reasonable time-whether a petition for medical benefits is ever filed, or not.”
Allen was decided before a 2002 amendment to section 440.34(3), which added the language that, “[r]egardless of the date benefits were initially requested, attorney’s fees shall not attach under this subsection until 30 days after the date the carrier or employer, if self-insured, receives the petition.” See Ch. 02-236, § 13, at 1736, Laws of Fla. This amendment is substantive, see Stolzer v. Magic Tilt Trailer, Inc., 878 So.2d 437, 438 (Fla. 1st DCA 2004), and applies to Claimant’s January 29, 2013, date of accident, see Leather Shop v. Mills, 592 So.2d 744, 745 n. 2 (Fla. 1st DCA 1992). To be clear, the amendment supersedes the rule announced in Allen, for dates of accident since the amendment went into effect; it creates a bright-line rule for the attachment of E/C-paid attorney’s fees under every sub-subsection of 440.34(3). See Winn-Dixie Stores, Inc. v. Reddick, 954 So.2d 723, 728 (Fla. 1st DCA 2007) (“Florida’s well-settled rule of statutory construction [is] that the legislature is presumed to know the existing law when a statute is enacted, including ‘judicial decisions on the subject concerning which it subsequently enacts a statute.’ ”) (quoting, in a parenthetical, Seagrave v. State, 802 So.2d 281, 290 (Fla.2001)).
AFFIRMED.
PADOVANO, CLARK, and SWANSON, JJ., concur.