657 So.2d 73 (1995)
CITY OF CRESTVIEW and Insurance Servicing Adjusting Co., Appellants,
v.
James D. HOWARD, Appellee.
No. 94-3658.
District Court of Appeal of Florida, First District.
July 13, 1995.
Millard L. Fretland and Douglas F. Miller of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, for appellants.
Barry Silber of Myrick, Silber & Davis, P.A., Pensacola, for appellee.
KAHN, Judge.
The employer and carrier (E/C) seek review of an order entered by the Judge of Compensation Claims (JCC) finding that claimant's attorney is entitled to a fee under section 440.192(8), Florida Statutes (Supp. 1994). We must reverse the attorney's fee award because no such award is due under the fee statute that applies to this case.
*74 Claimant James Howard suffered an industrial injury on December 1, 1989. In 1994, he petitioned for permanent total disability benefits, costs and attorney's fees. On March 10, 1994, the docketing judge, see section 440.45(3), Florida Statutes (Supp. 1994), found the petition sufficient and referred it to the JCC for disposition on the merits. The petition alleged a date of maximum medical improvement (MMI) of April 28, 1993. The E/C sought confirmation from claimant's treating physician of MMI date and was informed that claimant had not yet reached MMI. Then, on July 1, 1994, E/C received notification from the treating physician that claimant reached MMI on June 23, 1994. E/C accepted claimant as permanently and totally disabled on July 20, 1994, and mailed checks for accrued benefits on July 21, 1994. Only claimant's entitlement to attorney's fees remained for adjudication.
At the hearing, E/C argued that the substantive law in force at the time of claimant's injury was section 440.34(3)(b), Florida Statutes (1989), allowing a 21-day grace period to provide the requested benefits without being subject to liability for claimant's attorney's fees. E/C argued that it mailed the checks on July 21, 1994, within 21 days of receiving the July 1, 1994 letter indicating MMI. Accordingly, no attorney's fees could be assessed under the 1989 statute.
Claimant argued, however, that the 1989 version of section 440.34(3)(b) did not control. Rather, the JCC should look to section 440.192(8), Florida Statutes (Supp. 1994):
Within 14 days after receipt of a petition for benefits by certified mail, the carrier must either pay the requested benefits without prejudice to its right to deny within 120 days from receipt of the petition or file a notice of denial with the Division.
Claimant argued that because E/C had not acted in 14 days, liability for attorney's fees attached. The JCC held that the 14-day requirement of section 440.192(8), Florida Statutes (Supp. 1994), was a procedural change applicable to the 1989 accident, that the grace period began to run on July 1, 1994, and that E/C was liable for claimant's attorney's fees since no benefits had been provided within 14 days of July 1, 1994.
During the November 1993 Special Session, the legislature made extensive revisions to Florida workers' compensation law. By chapter 93-415, section 33, Laws of Florida, the so-called 21-day rule of section 440.34(3)(b) was repealed. Prior to the January 1, 1994, effective date of chapter 93-415, section 33, Laws of Florida, the statute provided that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer in any case in which the carrier or employer fails or refuses to pay a proper claim "on or before the 21st day after receiving notice of the claim." § 440.34(3)(b), Fla. Stat. (1989). Under the statute as amended, a carrier or employer is responsible to pay the fee where "the employer or carrier files a notice of denial with the Division and the injured person has employed an attorney in the successful prosecution of his claim." Section 440.34(3)(b), Florida Statutes (Supp. 1994).
The legislature also enacted section 440.192(8), set out above, requiring payment of benefits within 14 days, or the filing of a notice of denial with the Division (of Workers' Compensation). The statute further provides that where a carrier does not deny compensability in accordance with section 440.20(4), Florida Statutes (Supp. 1994), such carrier "is deemed to have accepted the employee's injuries as compensable, unless it can establish material facts relevant to the issue of compensability that could not have been discovered in the reasonable investigation... ." § 440.192(8), Fla. Stat. (Supp. 1994).
We hold that legislative repeal of the 21-day rule previously contained in section 440.34(3)(b) is substantive and, therefore, the statute, as it existed in 1989, applies to this claim for attorney's fees.[*] "Generally ... a fee statute impacts the respective rights and responsibilities of the parties. Therefore, it *75 is substantive, and amendments to the statute occurring after a claimant's injury may not be retroactively applied." Kraft Dairy Group v. Sorge, 634 So.2d 720, 721 (Fla. 1st DCA 1994). See also WFTL Broadcasting Co. v. Rowen, 480 So.2d 233 (Fla. 1st DCA 1985) (amendment imposing a bad faith requirement as a predicate for attorney's fees is a substantive amendment which cannot be applied retroactively; therefore 21-day grace period contained in rule in effect at time of accident applied); Foliage Design Systems, Inc. v. Fernandez, 589 So.2d 389 (Fla. 1st DCA 1991) (amendment to attorney's fee statute which precludes consideration of future medical benefits in computing attorney's fee award is substantive).
At the time of claimant's December 1, 1989 accident, section 440.34(3)(b), Florida Statutes (1989), controlled and provided a 21-day grace period within which the carrier could pay benefits without suffering liability for attorney's fees. The JCC in this case found that the period began to run on July 1, 1994, when E/C received notice of claimant's MMI date. Competent substantial evidence supports that finding. E/C's administrative acceptance of claimant as permanently and totally disabled on July 20, 1994, and its subsequent mailing of benefits checks on July 21, 1994, fell within the 21-day statutory period. Clay Hyder Truck Lines v. Atherton, 400 So.2d 1295 (Fla. 1st DCA 1981). Because the 1989 statute is substantive and was not violated by the E/C, no attorney's fees are due.
The JCC erred by finding section 440.192(8), Florida Statutes (Supp. 1994), controlling as to attorney's fees on the theory that it reduced the "grace period" to 14 days. Although the new statute does require either payment or notice of denial within 14 days, it contains no provision for attorney's fees in the event E/C fails to pay benefits within the 14-day period. Rather, a carrier that neither pays nor timely denies compensability "is deemed to have accepted the employee's injuries as compensable... ." Section 440.192(8) does not include the additional "stick" of attorney's fees comparable to those provided by section 440.34(3)(b), Florida Statutes (1989).
REVERSED.
BARFIELD and DAVIS, JJ., concur.
NOTES
[*] In supplemental briefing ordered by this court on the question of whether legislative repeal of the 21-day rule contained in section 440.34(3)(b), Florida Statutes (1989), could be retroactive to a date of accident prior to January 1, 1994, appellee conceded that the repeal is substantive legislation.