673 So.2d 883 (1996)
WAFFLE HOUSE and O'Steen Adjusting Services, Appellants,
v.
Lecia HUTCHINSON, Appellee.
No. 95-1097.
District Court of Appeal of Florida, First District.
April 26, 1996.
Rehearing Denied June 12, 1996.
*884 J. Craig Knox and Marjorie M. Cain of Fuller, Johnson & Farrell, P.A., Tallahassee, for Appellants.
Larry Hill and Yancey F. Langston of Moore, Hill, Westmoreland, Hook & Bolton, Pensacola, for Appellee.
ZEHMER, Chief Judge.
Waffle House and O'Steen Adjusting Services (Waffle House) appeal the final order of the judge of compensation claims ruling Lecia Hutchinson's claim compensable by operation of subsection 440.192(8), Florida Statutes (Supp.1994). Waffle House argues that subsection 440.192(8) is a substantive enactment and the judge therefore erred in applying it retroactively to Hutchinson's claim that arose prior to the enactment's January 1, 1994, effective date. We affirm.
Subsection 440.192(8) provides as follows:
(8) Within 14 days after receipt of a petition for benefits by certified mail, the carrier must either pay the requested benefits without prejudice to its right to deny within 120 days from receipt of the petition or file a notice of denial with the division. The carrier must list all benefits requested but not paid and explain its justification for nonpayment in the notice of denial. A carrier that does not deny compensability in accordance with s. 440.20(4) is deemed to have accepted the employee's injuries as compensable, unless it can establish material facts relevant to the issue of compensability that could not have been discovered through reasonable investigation within the 120-day period. The carrier shall provide copies of the notice to the filing party, employer, and claimant by certified mail.
In the present case, Hutchinson was allegedly injured in an industrial accident on November 19, 1993, while employed with the Waffle House. She filed her notice of injury on December 2, 1993. Waffle House filed a notice of denial 14 days later on December 16. Hutchinson next filed her initial petition for benefits on June 23, 1994, and thereafter filed amended petitions in September and October 1994. Waffle House did not file notices of denial with respect to these petitions, *885 however, nor did it at any time commence payment of compensation. At the final hearing held on January 26, 1995, the judge of compensation claims sua sponte raised the issue of the applicability of subsection 440.192(8) and ruled that even though Waffle House timely filed an initial notice of denial in December 1993, its failure to file a second notice after the filing of Hutchinson's petition for benefits subjected it to the "deemed compensable" provision of subsection (8). Specifically, the judge interpreted subsection (8) to mean that if an employer fails to deny compensability within 14 days of the filing of the petition for benefits, it is deemed to have accepted compensability. In so ruling, the judge also rejected Waffle House's argument that the provision is substantive and therefore prospective in effect, holding simply that the provisions of subsection (8) "constitute a significant change in the workers' compensation law but the changes are procedural and not substantive."
Subsection 440.192(8) does not impact the substantive rights of the parties or alter their statutory entitlement to benefits. Town of Jupiter v. Andreff, 656 So.2d 1374 (Fla. 1st DCA 1995). Rather, it merely alters the process by which the judge of compensation claims makes a determination of the parties' rights or otherwise affects the parties' burden of proof. Id. at 1377; Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353 (Fla. 1st DCA), rev. denied, 613 So.2d 6 (Fla.1992), cert. denied, 508 U.S. 913, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993).
We have already observed that "a carrier that neither pays nor timely denies compensability `is deemed to have accepted the employee's injuries as compensable'" under subsection 440.192(8). City of Crestview v. Howard, 657 So.2d 73 (Fla. 1st DCA 1995) (emphasis added).[1] Certainly, the penalty should be no less stringent for a carrier who does nothing after the filing of a petition for benefits. While the measure, in the words of the judge of compensation claims, may be "draconian," the clear intent of the legislature in enacting the measure is to radically streamline the claims process to ensure a speedy determination of the contested issues while providing a formidable deterrent for sloth.
We reject any notion that Waffle House was denied due process by the judge's raising this defect himself. Waffle House was given a fair opportunity to argue the issue and to correct the record by producing a second notice of denial, if one existed. Furthermore, the issue was extensively briefed on appeal and orally argued. Waffle House failed to show that it complied with the provisions of subsection 440.192(8) and therefore was properly deemed by operation of the statute to have accepted the claim as compensable.
AFFIRMED.
BARFIELD, J., concurs.
KAHN, J., concurs with opinion.
KAHN, Judge, concurring.
Dicta in my opinion for the court in City of Crestview v. Howard, 657 So.2d 73 (Fla. 1st DCA 1995), postulates "a carrier that neither pays nor timely denies compensability `is deemed to have accepted the employee's injuries as compensable.'" Now faced with the task of directly construing the inartfully drawn section 440.192(8), Florida Statutes (Supp.1994), the court repeats this observation. I concur in the judgment of the court. I find, however, that some further brief comment on the statute is advisable.
The reason Waffle House is subject to a "procedural default" in the present case is that it is, under the statute before us, "a carrier that (has not denied) compensability in accordance with s. 440.20(4)". As is clear from Judge Zehmer's opinion, Waffle House did nothing in the face of any of the petitions filed by claimant during 1994. Accordingly, Waffle House is caught within the grasp of the statute. I am troubled, however, that the statute is completely silent, in its direct terms, as to the carrier that responds in no way to a petition. I am also troubled because a literal reading of the third sentence *886 of the statute could include not only the carrier that does nothing but also the carrier who, in the terms of the first sentence of the statute, "file(s) a notice of denial with the division." This is so because a carrier who files a notice of denial with the Division may well not have complied with the "pay and investigate" provisions of section 440.20(4). Therefore, such a carrier would not have denied compensability in accordance with section 440.20(4) and could arguably be caught under the deemed compensability provision of the third sentence. By no stretch of the imagination could such a result have been within the contemplation of the legislature or of those interested parties who contributed to drafting the extensive revisions to the Workers' Compensation Act. Nevertheless, because a carrier that does nothing has clearly not denied compensability under the third sentence of the statute, I agree that Waffle House may not now raise a compensability defense.
Also implicit in Judge Zehmer's opinion is that the denial filed by appellant to the December 2, 1993 notice of injury will not stand over as against the 1994 petitions for benefits. Thus, we are strictly construing the statutory dictate to pay or deny within fourteen (14) days "after receipt of a petition for benefits...."
NOTES
[1] In City of Crestview v. Howard, we reversed the order finding the claimant's attorney entitled to a fee under subsections 440.192(8) and 440.34(3)(b), Florida Statutes (Supp.1994), holding that the December 1993 legislative repeal of the 21-day rule previously contained in subsection 440.34(3)(b) is substantive and, therefore, could not be retroactively applied to the claimant's claim. The opinion did not directly address the issue now before this court.