PER CURIAM.
The employer and carrier, Regency Kawasaki & Sea Doo, Inc., and Gulf Atlantic Claims Services, Inc./FESA (the E/C), appeal an order of the judge of compensation claims (JCC), striking the E/C’s defense under Martin Co. v. Carpenter[1] and directing the E/C to pay benefits to the claimant, John H. Sheppard. As the JCC properly concluded that section 440.192(8), Florida Statutes (Supp.1994), is procedural and therefore applicable to claimant’s 1993 accident, we affirm the order.
This ease arose following claimant’s industrial injury of January 5, 1993, which the E/C initially accepted as compensable. Once Sheppard reached maximum medical improvement on January 3, 1994, he filed a petition seeking permanent total disability benefits. In February 1995, nearly a year later, the E/C raised the Martin v. Carpenter defense. The JCC struck the defense as untimely, pursuant to section 440.192(8), which requires the E/C to either commence payment of requested benefits or file a notice of denial within 14 days after receipt of the petition for benefits.[2]
*850 Section 440.192 took effect on January 1, 1994. Ch. 93-415, §§ 25 & 112, at 137 & 215, Laws of Fla. Previously, the E/C was required to file a notice to controvert within 21 days of receipt of an acknowledged claim from the division, or be subject to a monetary penalty under section 440.185(9). § 440.19(l)(e)(7), Fla.Stat. (1993).
In reaching his decision, the JCC relied on Litvin v. St. Lucie County Sheriff's Department, 599 So.2d 1353 (Fla. 1st DCA), review denied, 613 So.2d 6 (Fla.1992), cert. denied, 508 U.S. 913, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993), wherein this court concluded that a statutory provision which the legislature had amended after the claimant’s industrial accident, requiring the claimant to file wage-loss (WL) forms and job-search reports within 14 days after benefits are due if the claimant has actual knowledge of the job-search requirement, applied to Litvin’s claims for wage loss. This court’s conclusion was grounded on the premise that the new provision involved a claimant’s burden of proof and was thus procedural, noting that because a WL claim does not arise upon the occurrence of the industrial injury, but instead upon the occurrence of each period of wage loss, every WL period that occurs after the amended statute’s effective date is subject to its provisions. Id. at 1355-56. In applying the Litvin reasoning to the case at bar, the JCC observed, “Under section 440.192(8), Fla.Stat., the occurrence that invokes the need for a response within 14 days is the filing of a petition for benefits.”
In our judgment, the instant case is controlled by this court’s recent decision in Waffle House v. Hutchinson, 673 So.2d 883 (Fla. 1st DCA 1996), wherein we applied the Lit-vin reasoning to the newly enacted section 440.192(8) and concluded that the statute was procedural and therefore should be retroactively applied to an industrial accident which occurred before the statute’s effective date. In so concluding, we observed that section 440.192(8) “merely alters the process by which the judge of compensation claims makes a determination of the parties’ rights or otherwise affects the parties’ burden of proof.” Id., at 885. In other words, the new provision does not change the rights or defenses of either party; it simply prescribes the manner in which they may be asserted.
AFFIRMED.
ERVIN, BARFIELD and DAVIS, JJ., concur.

. 132 So.2d 400 (Fla.1961).

. Section 440.192(8) provides:
Within 14 days after receipt of a petition for benefits by certified mail, the carrier must either pay the requested benefits without prejudice to its right to deny within 120 days from receipt of the petition or file a notice of denial with the division. The carrier must list all benefits requested but not paid and explain its justification for nonpayment jn the notice of denial. A carrier that does not deny compens-ability in accordance with s. 440.20(4) is deemed to have accepted the employee’s injuries as compensable, unless it can establish material facts relevant to the issue of compens-ability that could not have been discovered *850 through reasonable investigation within the 120-day period. The carrier shall provide copies of the notice to the filing party, employer, and claimant by certified mail.