KAHN, Judge.
After her employment-related injury on April 18, 1993, appellant Brenda Spence completed a report of injury. In response to the report of injury, the employer filed a notice of denial which denied any and all benefit “for stress which caused a stroke.” The employer and carrier took the position that the stroke suffered by claimant was not com-pensable.* Spence filed a petition for benefits in July 1994 and an amended petition on August 18, 1994. Appellees did not file a notice of denial to either of these petitions.
Spence now argues that under section 440.192(8), Florida Statutes (Supp.1994), compensability of her accident is deemed admitted because of the employer’s failure to file a notice of denial within fourteen (14) days after receipt of a petition for benefits. The JCC ruled that although section 440.192(8) is procedural, appellant was not prejudiced by the employer’s failure to file a notice of denial to the 1994 petitions because appellant knew early on in the case that the employer controverted the entire claim.
In Waffle House v. Hutchinson, 673 So.2d 883 (Fla. 1st DCA 1996), we considered and rejected an argument that section 440.192(8) is a substantive enactment. We relied upon City of Crestview v. Howard, 657 So.2d 73 (Fla. 1st DCA 1995), and noted that “a earner that neither pays nor timely denies compensation ‘is deemed to have accepted the employee’s injuries as compensable’ ” under subsection 440.192(8). In Waffle House, as in this ease, the employer and carrier filed a denial to a 1993 notice of injury but did not file a notice of denial after the claimant filed a petition for benefits in 1994. Implicit in our decision in Waffle House was the conclusion that the denial filed to the 1993 notice of injury will not stand over as against the 1994 *975 petitions for benefits. (Kahn, J., Concurring). 673 So.2d at 885,
Under the authority of Waffle House v. Hutchinson, we REVERSE and REMAND with directions that Brenda Spence’s claim be deemed compensable by operation of section 440.192(8), Florida Statutes (Supp.1994).
BARFIELD and ALLEN, JJ., concur.

 On the notice of denial, form DWC-12, the employer stated its reasons for denying compensa-bility:
There is no accident arising out of or in the course and scope of employment. Stress is not an accident or a compensable injury under Florida Statute 440. The claimant suffers from a pre-existing condition of mitral valve prolapse and has a history of previous transient ischemic attack.