PER CURIAM.
CRIMS/PCA Solutions and Travelers Indemnity Company appeal from two final orders entered by the judge of compensation claims: the order under review in case No. 96-4045 found compensability on the basis of a procedural default, relying on Waffle House v. Hutchinson, 673 So.2d 883 (Fla. 1st DCA 1996), review denied, 683 So.2d 486 (Fla.1996); and the order under review in case No. 96-4506 awarded psychiatric care after a section 440.25 emergency conference, notwithstanding a pending appeal in the main case. We consolidated the appeals. The judge of compensation claims did not have the benefit of our opinion in North River Insurance Co. v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996), in which we receded from Waffle House. On the authority of Wuelling we reverse the order finding com-pensability, and remand for further proceedings on the merits.
We also reverse the order awarding psychiatric care after an emergency conference. The judge of compensation claims was without jurisdiction to enter this order. At the time it was entered, the final order which adjudicated the compensability of the entire claim was the subject of a pending appeal. Under Florida Rule of Appellate Procedure 9.180(c)(1), the judge of compensation claims “retains jurisdiction to decide the issues that have not been adjudicated and are not the subject of pending appellate review.” But the issue of compensability had been adjudicated and was the subject of a pending appeal. On remand, however, no such impediment will preclude consideration of the claimant’s motion for an emergency conference.
Both orders appealed are reversed and the case is remanded.
BARFIELD, C.J., and ERVIN and BENTON, JJ., concur.