683 So.2d 1090 (1996)
The NORTH RIVER INSURANCE COMPANY, c/o Crum & Forster and M.F. Hinote & Son, Appellants,
v.
Wayne WUELLING, Appellee.
No. 95-4050.
District Court of Appeal of Florida, First District.
November 19, 1996.
Rehearing Denied December 31, 1996.
*1091 William H. Rogner, of Hurley & Rogner, P.A., Orlando, for Appellants.
James F. McKenzie and Stephanie A. Taylor of McKenzie & Soloway, Pensacola, for Appellee.

EN BANC
BARFIELD, Chief Judge.
The employer/carrier (E/C) appeal a workers' compensation order finding that the claimant's petition for benefits was not barred by the statute of limitations, based on application of section 440.192(8), Florida Statutes (Supp.1994). We reverse.
The following facts are pertinent to this appeal. The claimant injured his shoulder at work in 1985, reached maximum medical improvement (MMI) with a five percent permanent impairment in 1986, and in 1987 received a lump-sum settlement which excluded medical benefits. Thereafter, more than two years passed during which the claimant did not receive any medical care for his shoulder. In May and June 1994, he incurred medical expenses which he contended were related to his 1985 work injury. On August 15, 1995, the carrier received a petition seeking payment of these medical expenses, but did not file its notice of denial, which was based on the statute of limitations, until October 25, 1995. In the challenged order, the judge of compensation claims found that section 440.192(8) is procedural, that the penalty for failure to timely respond to the petition for benefits is "forfeiture of the carrier's right to contest compensability of the petition" and that by asserting the statute of limitations defense, "[t]he E/C deny all benefits claimed and, in effect, denying (sic) compensability of the claim in its entirety." The JCC ruled that in the instant case, the "procedural default" aspects of section 440.192(8) "act to revive a claim previously barred by the statute of limitations under F.S. 440.19(2)(a)." He ordered the E/C to pay the medical bills detailed in the petition for benefits, plus interest, costs and a reasonable attorney's fee.
Disposition of this case turns on the construction of the third sentence in section 440.192(8), which provides: "A carrier that does not deny compensability in accordance with s. 440.20(4) is deemed to have accepted the employee's injuries as compensable, unless it can establish material facts relevant to the issue of compensability that could not have been discovered through reasonable investigation within the 120-day period." On the one side, it is argued that a carrier which files a notice of denial more than 14 days after receipt of a petition for benefits is "defaulted" and therefore cannot raise an affirmative defense to payment of benefits. On the other side, it is argued that this language has nothing to do with the initial filing of a notice of denial to a petition for benefits, but instead precludes a carrier from claiming that no injury for which benefits may be due was occasioned by an accident that arose out of the employment and occurred during the course and scope of employment, when the carrier has availed itself *1092 of the "pay and investigate" provisions of section 440.20(4) and does not deny compensability within 120 days of providing requested benefits. We agree with the latter position. In doing so, we recede from our decision in Waffle House v. Hutchinson, 673 So.2d 883 (Fla. 1st DCA 1996), to the extent it holds that section 440.192(8) precludes the carrier from contesting compensability when it fails to file a notice of denial within 14 days after receipt of a petition for benefits.
In construing the provision at issue, we must first understand the relationship between section 440.192(8) and section 440.20(4). Sections 440.20(1) and 440.20(2) require the carrier to deny compensability or entitlement to benefits or to pay benefits as required by law within 14 days after receipt of a notice of injury. Section 440.20(4) allows the carrier to postpone the decision to deny any obligation to pay benefits for up to 120 days while it conducts an investigation, provided it pays the requested benefits for which it is undertaking the period of investigation. If, at the end of 120 days, the carrier does not deny compensability, it loses its right to deny. Section 440.192 sets out the mechanism for the employee to recover the benefits which he has not received and to which he believes he is entitled. This action is initiated by serving a petition for benefits, which could occur during the 120 day period for investigation following the notice of injury, if the carrier has denied some benefits.
Section 440.192(8) requires the carrier, within 14 days of the petition for benefits, to either pay the requested benefits or file a notice of denial. However, the payment of benefits is "without prejudice to its right to deny within 120 days." This "right to deny" refers to that right which may have arisen under the "pay and investigate" provision of 440.20(4) and may not have expired at the time of service of the petition for benefits. Accordingly, the third sentence of 440.192(8) which reads: "A carrier that does not deny compensability in accordance with s. 440.20(4) is deemed to have accepted the employee's injuries as compensable ..." refers to and is a reiteration of the waiver provision of 440.20(4) as it relates to the opportunity to pay and investigate.
Nothing in either of the sections under consideration speaks to the carrier's failure to timely file a notice of denial. Nothing in either section imposes a penalty for failure to timely file a notice of denial. Nothing in either section bars a carrier from asserting defenses and defending a petition for benefits within the rules of procedure for workers' compensation claims. The sanctions to be imposed upon a carrier who either files an untimely notice of denial or takes no action are found elsewhere in chapter 440.[1]
As to the question of what the legislature intended by the term "compensability" in the context of sections 440.192 and 440.20, we note that section 440.20(1) refers to "compensability or entitlement to benefits," indicating that they are separate concepts, and that the last sentence of section 440.20(4) refers to "the issue of compensability," indicating a distinction from other issues. Having reviewed the uses of the terms "compensability" and "compensable" in the various sections of chapter 440, we conclude that "compensability" in the context of sections 440.192 and 440.20 is limited to a determination of whether the injury for which benefits are claimed arose out of, and occurred within the course and scope of, the claimant's employment.
We find that the third sentence of section 440.192(8) does not apply in this case. The JCC's order is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
KAHN, DAVIS and BENTON, JJ., concur.
ERVIN, J., concurs with result.
NOTES
[1] Sections 440.20(6), 440.20(7), and 440.20(8) provide sanctions (penalties and interest) for the carrier's failure to timely pay compensation within seven days after it becomes due. Section 440.34(3) provides for payment of the claimant's attorney fees by the carrier or employer under certain conditions, including denial of compensability. Florida Administrative Code Rule 38F-24.0231(1)(c) provides a penalty for untimely filing practices, designating assessments for untimely filings based on overall carrier performance.