687 So.2d 884 (1997)
E.H., Appellant,
v.
TEMPORARY LABOR SOURCE, INC., and Cisco, Appellees.
No. 96-760.
District Court of Appeal of Florida, First District.
January 27, 1997.
Rehearing Denied March 7, 1997.
*885 David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, for Appellant.
Kimberly A. Hill of Conroy, Simberg & Ganon, P.A., Hollywood, for Appellees.
ERVIN, Judge.
Claimant, E.H., appeals the order by the Judge of Compensation Claims (JCC) denying coverage pursuant to sections 440.09(4) and 440.105(4)(b), Florida Statutes (Supp. 1994). Because neither statute was applicable to the case at bar, we reverse and remand.
E.H. was severely injured on September 5, 1994, after falling from a step on the garbage truck on which he was working. The employer, Temporary Labor Source, Inc., and the carrier, CISCO (collectively the E/C), asserted the defense of voluntary intoxication based upon toxicology testing which established that E.H. must have ingested cocaine and alcohol during working hours the day of his accident. The JCC concluded that the toxicology evidence, supported by expert testimony, proved that E.H. made false statements during his deposition and compensation hearing when he denied ingesting cocaine for two weeks preceding the industrial accident. Characterizing himself as an administrative hearing officer or court under section 440.09(4), the JCC determined that E.H. made these false statements for the purpose of obtaining benefits, thus violating section 440.105(4)(b), and concluded therefrom that E.H. was not entitled to compensation or benefits. This was error.
Section 440.09(4) bars compensation or benefits when an "administrative hearing officer, court, or jury convened in this state" determines that a claimant has violated section 440.105. A JCC is not authorized to make a section 440.105 determination under the plain wording of this statute. Horizons Painting v. Lessard, No. 96-1159, ___ So.2d ___ (Fla. 1st DCA Jan. 27, 1997). This, of course, does not affect the JCC's obligation to evaluate E.H.'s credibility when considering the merits of his claim for benefits or the E/C's intoxication defense.
We direct the JCC on remand to determine whether E.H. is entitled to compensation, without reference to either section 440.105 or 440.09(4).[1]
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD, C.J., and DAVIS, J., concur.
NOTES
[1] We do not reach E.H.'s contention that the E/C untimely denied compensability, as this is an issue of fact for the JCC to resolve on remand. See, however, North River Ins. Co. v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996) (en banc).