687 So.2d 1372 (1997)
MELLON SECURITY & SOUND and PCA Solutions, Inc., Appellants,
v.
Harry CUSTER, Appellee.
No. 96-816.
District Court of Appeal of Florida, First District.
February 25, 1997.
*1373 Cheryl L. Wilke of Rigell & Leal, West Palm Beach, for Appellants.
Richard A. Kupfer, P.A., West Palm Beach, and Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, co-counsel, for Appellee.
BARFIELD, Chief Judge.
The employer and carrier (E/C) appeal a workers' compensation order awarding medical benefits to a claimant who had pre-existing conditions, some of which (back and neck conditions) the judge of compensation claims (JCC) found were asymptomatic prior to the compensable 1994 motor vehicle accident and were aggravated by the accident, causing a need for treatment, including surgery, and some of which (obesity and hypertension) the JCC found hindered the claimant's treatment of and recovery from the injuries sustained in the compensable accident. We affirm the order, which we find to be sufficiently detailed and not prejudicially delayed.
The JCC properly found that both the neck condition and the back condition were causally related to the compensable accident and that the claimant "has met his burden of proof in establishing compensability of both the neck and back conditions," based upon the expert opinions of several physicians, including an expert medical advisor appointed by the Division of Workers' Compensation to resolve the differences of opinion among the medical experts. Section 440.09(1)(b), Florida Statutes (Supp.1994), provides:
If an injury arising out of and in the course of employment combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the employer must pay compensation or benefits required by this chapter only to the extent that the injury arising out of and in the course of employment is and remains the major contributing cause of the disability or need for treatment.
The record contains competent substantial evidence that the aggravation of the claimant's pre-existing back and neck conditions caused by the compensable accident "is and remains the major contributing cause of the... need for treatment."
The JCC also properly found that the E/C were responsible for providing the claimant with treatment for obesity and hypertension because the treating physicians agreed that treatment of these conditions was medically necessary to the claimant's treatment and recovery from the compensable injuries to his back and neck, see sections 440.13(1)(m) and 440.13(2)(a). Contrary to the E/C's contention, the 1994 amendments to chapter 440 do not change the E/C's obligation in this respect.
As to the E/C's assertion that sections 440.09(4) and 440.105 preclude the claimant from entitlement to worker's compensation benefits, the JCC properly ruled that he did not have jurisdiction to determine, as a prerequisite to application of section 440.09(4), that the claimant knowingly or intentionally made false or misleading statements for the purpose of obtaining workers' compensation benefits. See this court's very recent decisions in E.H. v. Temporary Labor Source, Inc., 687 So.2d 884 (Fla. 1st DCA 1997), and Horizons Painting v. Lessard, 688 So.2d 941 (Fla. 1st DCA 1997).
Finally, we note that the E/C's ruling on the claimant's section 440.20(4) estoppel argument was incorrect, see North River Insurance Company v. Wuelling, 674 So.2d 881 (Fla. 1st DCA 1996), but that this was harmless error in that it was an alternative finding to the determination that the claimant "has met his burden of proof in establishing compensability of both the neck and back conditions."
AFFIRMED.
KAHN and DAVIS, JJ., concur.