698 So.2d 1334 (1997)
RUSSELL CORPORATION and Thomas Howell Group/GAB Robbins, Appellants,
v.
Kelley A. BROOKS, Appellee.
No. 96-3265.
District Court of Appeal of Florida, First District.
September 12, 1997.
Mary E. Cruickshank and Patrick E. Weaver of McConnaughhay, Maida & Cherr, Tallahassee, and Mary L. Wakeman of McConnaughhay, Duffy, Coonrod, Pope & Weaver, Tallahassee, for appellants.
T. Rhett Smith of Kinsey, Troxel, Johnson and Walborsky, P.A., Pensacola, for appellee.
*1335 BENTON, Judge.
Because neither Russell Corporation (the employer) nor Thomas Howell Group/ GAB Robbins (the employer's insurance carrier) filed a notice of denial after receiving Kelley Brooks' petition for benefits, the judge of compensation claims awarded her temporary total disability benefits, wage loss benefits, a penalty on past due indemnity benefits, medical expenses incurred for the treatment of her injury, interest on all past due benefits awarded, costs, and attorney's fees. In entering this compensation order, the judge of compensation claims relied on Waffle House v. Hutchinson, 673 So.2d 883 (Fla. 1st DCA 1996), review denied, 683 So.2d 486 (Fla.1996), which we have since repudiated, originally in North River Insurance Company v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996).[*]
On the authority of Wuelling, we reverse the order under review, and remand for consideration of the merits of Ms. Brooks' claim. The carrier's failure to file a notice of denial with the division in response to a petition for benefits sent by certified mail violated section 440.192(8), Florida Statutes (Supp.1994), inasmuch as neither appellant paid the benefits the claimant requested. The carrier did not invoke the "pay and investigate" provisions of section 440.20(4), Florida Statutes (Supp.1994), nor was the claim accepted. But, as explained in Wuelling, the penalties for failing to file a notice of denial do not include forfeiture of the appellants' right to contest compensability. See Wuelling, 683 So.2d at 1092 n. 1 (describing penalties that may be imposed).
In practical effect, the appellants' failure to respond to the petition for benefits in the present case operated not as an admission of compensability but as a denial of every allegation in the petition for benefits. Appellants' failure to act within fourteen days did not alter the timetable either for giving notice of a mediation conference or for actually holding the conference; both deadlines depend on when the petition for benefits is filed, not when or whether a notice of denial is filed. § 440.25(1), Fla. Stat. (Supp. 1994).
If mediation does not succeed, the judge of compensation claims must hold a pretrial hearing and, if necessary, a final hearing. § 440.25(4), Fla. Stat. (1995). By ordering the parties to enter into a prehearing stipulation, the judge of compensation claims can require issues to be narrowed well before the merits hearing, notwithstanding the absence of a notice of denial. Appellants' position is procedurally equivalent to that of an employer or carrier who timely denies a petition for all benefits requested, willing to take its chances at mediation and, that failing, litigation with all its attendant risks.
Reversed and remanded.
KAHN, J., concurs.
ERVIN, J., concurs with opinion.
ERVIN, Judge, concurring.
In Waffle House v. Hutchinson, 673 So.2d 883 (Fla. 1st DCA), review denied, 683 So.2d 486 (Fla.1996), we interpreted section 440.192(8), Florida Statutes (Supp.1994), to mean that an insurance carrier which fails to do anything after the lapse of 14 days from the service of a petition for benefits is deemed to have accepted the claimant's injuries as compensable. Today, we explicitly state the oppositethat which we only implied *1336 in North River Insurance Co. v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996) declaring with no uncertainty that a carrier which neither commences the payment of benefits nor files a notice of denial within 14 days after its receipt of a petition of benefits is deemed to have denied the compensability of claimant's injuries. Thus, we place the employer/carrier (E/C) that does nothing in the identical position as the E/C that files a notice of denial.
I must admit that this construction of section 440.192(8) was not apparent to me when I concurred with the result reached by the majority in Wuelling. I concurred, because I believed the decision should be limited to its facts involving an untimely notice of denial. I considered the majority had used language in its opinion broader than that necessary to its decision when it indicated that the "deemed-compensable" provisions of sections 440.192(8) and 440.20(4), Florida Statutes (Supp.1994), were inapplicable to the carrier which defaulted in its obligation to take any action, and that a carrier which did nothing could be subjected only to the penalties set out by it at 683 So.2d at 1092 n. 1. I considered that the deemer language in sections 440.192(8) and 440.20(4), when construed in pari materia, meant that the carrier which did not act should be regarded as having accepted the compensability of the employee's injuries to the same extent as the carrier that had untimely initiated the payment of benefits. Thus, if a carrier failed to commence payment of benefits within 14 days after service on it of the petition, but later did so, it was required by operation of the two statutes to post its denial no later than 120 days after the date it should have initiated such payments, or no more than 134 days after its receipt of the petition; otherwise, it would be considered to have waived its right to contest compensability.
I therefore believed that the completely inactive E/C should be held to the same time limitations as the carrier that was late in making payments. Because 71 days had expired from the carrier's receipt of the petition in Wuelling, until it filed its denial, I concurred with the decision to reverse, in that I considered the deemed-compensable language inapplicable as to such facts. I could not, however, agree with what I regarded as dicta in Wuelling, indicating that such sanction had no applicability to a carrier that did nothing. I considered it unlikely that the legislature had reasonably intended to impose the sanction of acceptance of compensability against a carrier that had complied with the requirement of furnishing benefits to an injured employee, but which had failed to file a timely notice of denial, yet excuse from such penalty the carrier that had utterly disregarded either of its obligations.
As stated, I am now content with the Wuelling decision, given the majority's clearly expressed construction of the statute. In fact, on further reflection, I believe that such interpretation is more consistent with the legislative purpose than my original interpretation. The explicitly stated legislative goals leading to the creation of sections 440.192(8) and 440.20(4), enacted by the 1993 special legislative session, as well as numerous other measures included within chapter 93-415, Laws of Florida, were the following:
It is the intent of the Legislature to ensure the prompt delivery of benefits to the injured worker. Therefore, an efficient and self-executing system must be created which is not an economic or administrative burden. The Division of Workers' Compensation shall administer the Workers' Compensation Law in a manner which facilitates the self-execution of the system and the process of ensuring a prompt and cost-effective delivery of payments.
§ 440.015, Fla. Stat. (Supp.1994).
In my judgment, placing the carrier that does not act in the same position as the carrier that files a notice of denial within 14 days after receipt of the petition serves the legislative purpose by speedily joining the issues and, presumably, bringing about a more expeditious resolution of the claim than would have occurred had the carrier been permitted a maximum of 134 days from its acquisition of the petition in which to file the notice of denial before being subjected to the sanction of forfeiting its right to deny compensability. There are, moreover, strong statutory incentives placed on the carrier for *1337 it to determine whether to comply with the pay without prejudice provisions, by either denying the petition or doing nothing, and be deemed to have denied because of inactivity. As indicated in Wuelling, 683 So.2d at 1092 n. 1, the carrier that takes no action can be subjected to the monetary penalties provided in section 440.20, the penalty assessed in Florida Administrative Code Rule 38F-24.0231 for untimely filing practices, and attorney's fees under section 440.34(3), Florida Statutes (Supp.1994), particularly under subsection (b) thereof, making the E/C responsible for the payment of claimant's attorney's fees in a case in which the E/C has filed a notice of denial and the claimant's attorney has successfully prosecuted the claim.
Thus, although the carrier that does nothing cannot be deemed to have accepted the compensability of the employee's injuries just as the carrier that files an explicit denialit is nonetheless now placed clearly on notice that it cannot with impunity ignore its responsibility to take any action. I therefore concur with the majority's opinion, because I consider it is clearly in accord with the legislative goal of ensuring "a speedy determination of the contested issues while providing a formidable deterrent for sloth." Waffle House, 673 So.2d at 885.
NOTES
[*] See also Commercial Carrier Corp. v. Madsen, 695 So.2d 770 (Fla. 1st DCA 1997)(reversing award of permanent total disability benefits where judge of compensation claims relied on Waffle House); Crawford and Co. v. Barnes, 691 So.2d 1142 (Fla. 1st DCA 1997)(holding error to award permanent total disability benefits on grounds that employer/carrier failed to file notice of denial within fourteen days of claim for benefits); Spence v. Trader Publ'g Co., 688 So.2d 4 (Fla. 1st DCA 1997); Jupiter Hosp. v. Wall, 688 So.2d 3 (Fla. 1st DCA 1997)(reversing order which determined compensability on the basis of Waffle House); Mellon Sec. & Sound v. Custer, 687 So.2d 1372, 1373 (Fla. 1st DCA 1997); Olsten Staffing Servs. v. Cooks, 694 So.2d 52 (Fla. 1st DCA 1997)(treating appellee's motion to dismiss as confession of error and reversing for further proceedings in light of Wuelling); E.H. v. Temporary Labor Source, Inc., 687 So.2d 884 n. 1 (Fla. 1st DCA 1997)(remanding to JCC to resolve claimant's contention that employer/carrier untimely denied compensability in light of Wuelling); Home Shopping Network v. Skaggs-Webb, 694 So.2d 46 (Fla. 1st DCA 1997).