PER CURIAM.
Alachua County Board of County Commissioners and Palmer & Cay/Carswell appeal an order in which the judge of compensation claims awarded Emanuel Starling temporary total disability benefits, past and future med *311 ical care, attorney’s fees, and taxable costs, because the employer/servicing agent did not comply with the provisions of section 440.192(8), Florida Statutes (1995), in that a notice of denial of compensability was not timely filed. In deeming the condition com-pensable, the JCC relied on Waffle House v. Hutchinson, 673 So.2d 883 (Fla. 1st DCA 1996), review denied, 683 So.2d 486 (Fla.1996), and did not have the benefit of this court’s opinion in North River Insurance Company v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996).*
We find no procedural default. “[T]he penalties for failing to file a [timely] notice of denial do not include forfeiture of the appellants’ rights to contest compensability. See Wuelling, 683 So.2d at 1092 n. 1 (describing penalties that are available).” Russell Corp. v. Brooks, 698 So.2d 1334, 1335 (Fla. 1st DCA 1997). Because the JCC based his decision only on the procedural default, we reverse and remand for further proceedings consistent with this opinion. “Appellants’ position is procedurally equivalent to that of an employer or carrier who timely denies a petition for all benefits requested, willing to take its chances at mediation and, that failing, litigation with all its attendant risks.” Russell Corp., 698 So.2d at 1335.
Reversed and remanded.
ERVIN, DAVIS and BENTON, JJ., concur.

 See also Russell Corp. v. Brooks, 698 So.2d 1334 (Fla. 1st DCA 1997); Commercial Carrier Corp. v. Madsen, 695 So.2d 770 (Fla. 1st DCA 1997)(re-versing award of permanent total disability benefits where judge of compensation claims relied on Waffle House); Crawford and Co. v. Barites, 691 So.2d 1142 (Fla. 1st DCA 1997)(holding error to award permanent total disability benefits on' grounds that employer/carrier failed to file notice of denial within fourteen days of claim for benefits); Spence v. Trader Publ'g Co., 688 So.2d 4 (Fla. 1st DCA 1997); Jupiter Hosp. v. Wall, 688 So.2d 3 (Fla. 1st DCA 1997)(reversing order which determined compensability on the basis of Waffle House)-, Mellon Sec. & Sound v. Custer, 687 So.2d 1372, 1373 (Fla. 1st DCA 1997); Olsten Staffing Servs. v. Cooks, 694 So.2d 52 (Fla. 1st DCA 1997)(treating appellee’s motion to dismiss as confession of error and reversing for further proceedings in light of Wuelling); E.H. v. Temporary Labor Source, Inc., 687 So.2d 884 n. 1 (Fla. 1st DCA 1997)(remanding to JCC to resolve claimant's contention that employer/carrier untimely denied compensability in light of Wuell-ing)-, Home Shopping Network v. Skaggs-Webb, 694 So.2d 46 (Fla. 1st DCA 1997).