789 So.2d 515 (2001)
Gary DENESTAN, Appellant,
v.
MIAMI-DADE COUNTY, and Risk Management Division of Miami-Dade County, Appellees.
No. 1D00-3551.
District Court of Appeal of Florida, First District.
July 13, 2001.
L. Barry Keyfetz of Keyfetz, Asnis & Srebnick, P.A., Miami, for Appellant.
Robert A. Ginsburg, Miami Dade County Attorney, Miami, for Appellees.
PER CURIAM.
In this appeal, appellant-claimant contends that appellee-employer's [hereafter E/C] failure to file a notice of denial within 14 days, as required by section 440.192(8), Florida Statutes (1997), constituted a "general denial," and that the E/C could not thereafter file a notice of a denial specifically asserting the statute of limitations as a defense, since the notice of denial was not the initial response to the petition. See § 440.19(4), Fla. Stat. (1997) (the statute of limitations is not a bar to an employee's claim unless the E/C advances that defense in its initial response to the petition for benefits).
*516 Although we have held that the failure to file a notice of denial within 14 days constitutes a denial, see Russell Corp. v. Brooks, 698 So.2d 1334, 1335 (Fla. 1st DCA 1997), we find no authority to support claimant's "general denial" theory. In fact, North River Insurance Co. v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996) (en banc), indicates a contrary conclusion. There this court explained that under section 440.192, Florida Statutes, an E/C must, within 14 days, either pay the requested benefits or file a notice of denial. Payment could be made, however, without prejudice to the right to deny compensability within 120 days under the "pay and investigate" provisions in section 440.20, Florida Statutes. This court noted, however, that nothing in either of the above statutes imposed a penalty for a carrier's failure to timely file a notice of denial or imposed a bar on it from asserting a particular defense. Rather, sanctions for untimely filing of a notice of denial were found in other statutes.
Notwithstanding the fact that the notice of denial in the case at bar was not filed until 93 days after the petition was filed, it nonetheless included the statute of limitations defense, and, because the stipulated facts establish that the statute of limitations barred the claim for benefits, the order denying the claim is
AFFIRMED.
ERVIN, KAHN and POLSTON, JJ., concur.