PLEUS, J.
The state appeals the dismissal of a five-count information charging Calabrese with three counts of perjury in an official proceeding and two counts of perjury by contradictory statements. We affirm the dismissal of counts 3 and 4 of the information without discussion. On counts 1, 2 and 5, we reverse.
The charges arose from Calabrese’s deposition testimony in his workers’ compensation and wrongful termination suits against the Indian Harbor Beach Police Department. Count 1 alleged perjury in *1069 an official proceeding when, on July 15, 1997, in response to a question on whether he had suffered any off-the-job injuries, Calabrese answered, “no.” Count 2 alleged perjury by contradictory statements when, on July 15, 1997, in response to a question on whether he had suffered any off-the-job injuries, Calabrese answered, “no,” and then on May 29, 1998, in response to questions about any injuries suffered, Calabrese responded that he suffered “neck and back injuries ... while I was in my personal vehicle” and was “off-duty.” Count 5 alleged that Calabrese committed perjury in an official proceeding on July 15, 1997, in response to a question about whether he had ever sustained an on-the-job injury, other than in 1992, he answered, “no, I had been hurt back in 1987.”
Calabrese filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), arguing that the statements were not material as defined in the perjury statute. After a hearing on the motion, the trial court dismissed these counts.
Section 887.02, Florida Statutes, defines perjury in an official proceeding as “whoever makes a false statement, which he or she does not believe to be true, under oath in an official proceeding in regard to any material matter.” Similarly, section 837.021, Florida Statutes, defines perjury by contradictory statements as “whoever, in one or more official proceedings, willfully makes two or more material statements under oath which contradict each other.” Section 837.011(3), Florida Statutes, defines material matter as “any subject, regardless of its admissibility under the rules of evidence, which could affect the course or outcome of the proceeding.”
The state argues on appeal that Calabrese’s false or contradictory statements regarding prior injuries or accidents were material to the issues in his workers’ compensation case. We agree. In his motion to dismiss, Calabrese alleged the following facts: In 1992, Calabrese suffered back injuries in an on-the-job slip and fall accident. He received workers’ compensation benefits for the 1992 injury. However, in July 1996, after being notified of his imminent dismissal from the police department, Calabrese began suffering chest pains and went to the emergency room. He was later examined by Dr. John Lozito, who concluded that Calabrese’s symptoms were not the result of a coronary condition, but rather the result of stress, which also aggravated his 1992 back injuries. As a result of that diagnosis, Calabrese sought workers’ compensation benefits for lost wages and medical bills.
Because the state failed to traverse the motion, these facts are deemed admitted. Fla. R.Crim. P. 3.190(d). However, the trial court was still required to determine whether a prima facie case had been established. See, e.g. State v. Paleveda, 745 So.2d 1026 (Fla. 2d DCA 1999). Under the facts alleged in the motion to dismiss, the trial court concluded that:
The issue in the worker’s compensation case was a medical legal question as to whether stress aggravated a preexisting condition. The preexisting condition was the compensable accident of 1992. Under worker’s compensation law, the cause of the preexisting condition is not relevant; rather, the only relevant issue is that the claimant has a preexisting condition from whatever cause. The existence of the preexisting condition in the Defendant’s case was undisputed. The only relevant issue was whether the preexisting condition was aggravated by an on the job accident. See Mellon Security & Sound and PCA Solutions, Inc. v. Custer, 687 So.2d 1372 (Fla.[ 1st DCA]1997). Therefore, the statements *1070 made by the Defendant in July 15, 1997 deposition that he had no off the job injuries were not material to the issue in the claim.
The trial court’s analysis and its citation to the Mellon case makes clear that it presumed Calabrese’s workers’ compensation claim was based upon section 440.09(l)(b), which provides:
If an injury arising out of and in the course of employment combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the employer must pay compensation or benefits required by this chapter only to the extent that the injury arising out of and in the course of employment is and remains the major contributing cause of the disability or need for treatment.
This subsection requires that there be an on-the-job injury combined with a preexisting injury. The facts do not support this scenario. The only on-the-job occurrence in 1996 was the notice of termination, which caused stress. This occurrence was not a compensable on-the-job injury or accident. See Zundell v. Dade County Sch. Bd., 636 So.2d 8, 10 (Fla.1994) (holding that claimant whose preexisting cardiovascular condition may have been exacerbated by work or conditions on the job may not recover “without first showing that the injury occurred during a job-related exertion over and above normal working conditions”). Thus, the trial court’s conclusion that “the only relevant issue was whether the preexisting condition was aggravated by an on-the-job injury” was incorrect.
To the contrary, the facts alleged in Calabrese’s motion to dismiss raise the issue of whether his 1996 symptoms were caused by his 1992 back injury, not whether the 1992 injury “was aggravated by an on-the-job accident.” This type of claim falls under paragraph 440.09(l)(a), Florida Statutes', which provides:
This chapter does not require any compensation or benefits for any subsequent injury the employee suffers as a result of an original injury arising out of and in the course of employment unless the original injury is the major contributing cause of the subsequent injury.
Under this subsection, the issue was whether the 1992 back injury was the “major contributing cause” of the 1996 symptoms. Clearly, the existence of prior injuries or accidents would be material to this issue. As Calabrese’s motion to dismiss explained, the workers’ compensation carrier defended, in part, on the ground that there was “no causal connection between the alleged disability and employment.” At the hearing below, the state asserted, without objection, that Calabrese had claimed eight or nine prior injuries dating back to the 1960s, including a previous cervical lumbar strain due to an off-duty car accident in 1977 or 1979. Contrary to the trial court’s conclusion that these prior injuries were irrelevant, the carrier could have defended on the basis that Calabrese had a history of back trouble dating back to 1977, which was the “major contributing cause” of his 1996 symptoms. Accordingly, we affirm the dismissal of counts 3 and 4, but reverse the dismissal of counts 1, 2 and 5.
AFFIRMED IN PART REVERSED IN PART.
PETERSON, J., and COBB, W., Senior Judge, concur.