925 So.2d 348 (2006)
CHECKERS RESTAURANT and Specialty Risk Services, Inc., Appellants/Cross-Appellees,
v.
Cheryl WIETHOFF, Appellee/Cross-Appellant.
No. 1D04-193.
District Court of Appeal of Florida, First District.
February 16, 2006.
Rehearing Denied April 10, 2006.
*349 Rusten C. Hurd of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellants.
Laurie T. Miles of Smith, Feddeler, Smith & Miles, P.A., Lakeland; Susan W. Fox of Fox & Loquasto, P.A., Tampa; and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellee.
EN BANC
DAVIS, J.
In this workers' compensation appeal, the E/C asserts that the JCC erred by concluding that the E/C, which had not denied compensability within 120 days of initially providing medical care, was estopped from denying the claimant's request for additional treatment including surgery, even though the JCC found that the claimant's preexisting condition was the major contributing cause (MCC) of any need for further treatment or surgery. We agree with the E/C and reverse the JCC's authorization of this additional medical care. Finding no merit to the claimant's issues on cross-appeal, we affirm the JCC's denial of other benefits.
Section 440.20(4), Florida Statutes, provides in relevant part:
. . . the carrier shall immediately and in good faith commence investigation of the employee's entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits. . . . A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation . . . waives the right to deny compensability . . . .
(emphasis added). In North River Ins. Co. v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996), a case which was decided en banc, this court recognized that there is a distinction between the concept of compensability and a worker's entitlement to benefits as those terms are contemplated in section 440.20(4). The waiver provision of section 440.20(4) pertains solely to the concept of compensability. In failing to deny compensability, the E/C only admits that there was an industrial accident resulting in some injury to the worker. Other issues concerning the worker's entitlement to benefits remain subject to challenge, including the extent of the compensable injury and the causal relationship between the compensable injury and the condition for which the worker seeks benefits.
In the present case, the claimant suffered an industrial accident which exacerbated a preexisting medical condition. The E/C immediately began providing medical care for the injured claimant. The claimant was seen by various doctors, and surgery was recommended. However, some of these doctors indicated that the claimant had reached maximum medical improvement with a 0% permanent impairment rating from the industrial accident. Several of the doctors also opined that the MCC of the claimant's need for surgery was the preexisting condition, and not the industrial exacerbation. The E/C terminated the claimant's benefits, asserting that the claimant was no longer entitled to indemnity benefits or medical treatment because she had returned to her pre-accident state.
The claimant filed two petitions for benefits, both of which the E/C denied by maintaining that it had already furnished appropriate benefits. The claimant then *350 filed a third petition, requesting further medical care with treatment including surgery. The E/C did not respond to this third petition.
After the final hearing the JCC found that the claimant's compensable injury had resolved, but the JCC concluded that the E/C was estopped from denying the requested treatment and surgery. The JCC determined that the E/C's actions did not constitute a deemed denial of the benefits, and the JCC found that the E/C violated the 120-day provision and was thereby precluded from denying responsibility for this medical care.
On appeal, the E/C contends that reversal is warranted because the claimant failed to prove that the industrial injury remains the MCC of her need for continuing medical treatment and surgery. The E/C further contends that the JCC erred in authorizing this medical care because, although section 440.20(4) barred the E/C from denying compensability after the expiration of the 120-day pay and investigate period, it did not preclude the E/C from challenging the claimant's entitlement to benefits. We agree.
As explained in Wuelling, the section 440.20(4) waiver of the right to deny compensability does not necessarily establish an entitlement to benefits. Since Wuelling, however, cases such as Travelers Ins. Co. v. Collins, 825 So.2d 451 (Fla. 1st DCA 2002), and Hutchinson v. Lykes Smithfield Packing, 870 So.2d 144 (Fla. 1st DCA 2004), have at times blurred the distinction between compensability and entitlement to benefits. Other cases such as Bussey v. Wal-Mart Store # 725, 867 So.2d 542 (Fla. 1st DCA 2004), may have further clouded the application of section 440.20(4), in discussing the effect of an E/C's failure to respond to a petition for benefits. Because of the apparent confusion in this area and the potential conflict in the application of this court's decisions, the present case is being decided by this court en banc.
As the earlier en banc opinion in Wuelling explained, section 440.192(8), Florida Statutes, must be read in conjunction with section 440.20(4), with regard to the statutory waiver of the right to deny compensability. Wuelling established that the recitation as to such a waiver in section 440.192(8) is merely a reiteration of the waiver provision in section 440.20(4), and that the failure to file a notice of denial in response to a claim under section 440.192(8) does not in itself result in a waiver. Instead, the waiver arises under section 440.20(4) when an E/C provides compensation or other benefits and does not deny compensability within 120 days of the initial provision of such compensation or benefits. And while an E/C's failure to respond to a petition for benefits might be treated as an implicit denial of the petition for certain other purposes,[1] an E/C's failure to respond to a section 440.192 petition does not interrupt the 120-day period and does not avoid the section 440.20(4) waiver provision. Similarly, a section 440.192(8) notice of denial which challenges entitlement to a claimed benefit but does not dispute compensability (the occurrence of an industrial accident resulting in injury) will not avoid the section 440.20(4) waiver. As that statute indicates, it is the payment of compensation or provision of benefits that begins the 120-day period within which the E/C may admit or deny compensability. And although section 440.20(4) directs the E/C to provide written notice when it has elected to pay the claim pending further investigation, an *351 E/C's failure to provide such notice does not negate application of the section 440.20(4) waiver when the E/C does not deny compensability within 120 days of the initial provision of benefits. Bynum Transp., Inc. v. Snyder, 765 So.2d 752 (Fla. 1st DCA 2000).
The 120-day period under section 440.20(4) thus commenced in the present case upon the E/C's initial provision of benefits. The JCC properly determined that the E/C's failure to respond to the section 440.192 petition requesting medical treatment with surgery did not constitute a denial of compensability as contemplated under section 440.20(4). The JCC then properly determined that the E/C's failure to deny compensability warrants the application of the section 440.20(4) waiver. However, the JCC improperly extended the scope of that waiver in precluding the E/C from challenging the claimant's entitlement to the requested benefits.
Pursuant to section 440.20(4), the E/C is precluded from contending that there was no industrial accident resulting in injury. But section 440.20(4) does not preclude the E/C from challenging the claimant's entitlement to benefits, by contending that the injuries resulting from the industrial accident were not the MCC of the claimant's need for further treatment or surgery. Indeed, the JCC found that the claimant has reached maximum medical improvement with no permanent impairment rating, and that the industrial injuries are no longer the MCC of any continuing need for treatment or surgery. These findings of the JCC are supported by competent, substantial evidence. Therefore, the claimant is no longer entitled to medical benefits. See § 440.09(1)(b), Fla. Stat.
To the extent that cases such as Collins, Hutchinson, and Bussey may reflect an approach inconsistent with the holdings in the present opinion, we recede from those cases and reaffirm the ruling in Wuelling as explicated herein. Accordingly, we conclude that the JCC erred in construing the waiver provision of section 440.20(4) to preclude the E/C's challenge to the claimant's entitlement to benefits. The JCC's authorization of additional medical care is therefore reversed, and this case is remanded for further consideration consistent with this opinion. We otherwise affirm the JCC's order.
AFFIRMED, in part, REVERSED, in part, and REMANDED.
ALLEN, WOLF, BROWNING, LEWIS, POLSTON, HAWKES and THOMAS, JJ., concur.
KAHN, C.J., concurs in result with written opinion in which BARFIELD, J., concurs.
PADOVANO, J., concurs in result with written opinion in which WEBSTER, BENTON and VAN NORTWICK, JJ., concur.
KAHN, C.J., concurring in result.
I would simply decide this case on its facts by applying the teachings of Bussey v. Wal-Mart Store # 725, 867 So.2d 542 (Fla. 1st DCA 2004) and North River Ins. Co., v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996). Accordingly, I concur in the result reached by the majority.
PADOVANO, J. concurring in result.
I agree with the decision the court has made on the facts of this case, but I am unable to join in the majority opinion, because the general rule stated in the opinion appears to limit the operation of the waiver provision in section 440.20(4) in a way that was not intended by the Legislature.
The majority opinion states that a failure to deny compensability "only admits that there was an industrial accident resulting *352 in some injury to the worker." The opinion goes on to explain that the employer and its insurance carrier may still argue that there was no "causal relationship between the compensable injury and the condition for which the worker seeks benefits." In my view, this statement is far too broad. A literal reading of the statement negates the most important part of the statutory waiver provision (that the condition for which payment is being made was caused by the accident) and leaves only an admission that the injured worker was, in fact, an employee who was injured on the job.
In the present case, the employer and carrier are merely arguing that there is no causal relationship between the industrial accident and a subsequent medical condition that is alleged to require a particular benefit. As the majority opinion states, the claimant is seeking benefits for "additional treatment including surgery." It would be logical to conclude that a claim arising after the admission of compensability is not within the scope of the waiver, but the majority opinion appears to go beyond that simple proposition. My concern is that the opinion will be construed to allow an employer or carrier to reopen a debate about causation in a case that does not involve a new claim for benefits.
While it is certainly true that an employer is not bound to pay for a medical condition that develops or is discovered after the expiration of the time to deny compensability, I find nothing in the statute that would allow the employer or carrier to assert an untimely causation argument as to a condition that was known to exist when payment was made under section 440.20(4). The statute gives the employer and carrier 120 days to investigate the claim, and causation is surely one of the issues that should be investigated during that time.
NOTES
[1] See McDonald's Restaurant # 7160 v. Montes, 736 So.2d 768 (Fla. 1st DCA 1999); Allen v. Tyrone Square 6 AMC Theaters, 731 So.2d 699 (Fla. 1st DCA 1999).