PER CURIAM.
The Judge of Compensation Claims applied the 120-day pay and investigate provision of section 440.20(4), Florida Statutes, to the claimant’s entitlement to further benefits under section 440.09(l)(b), Florida Statutes. This was error. See Checkers Rest v. Wiethoff, 925 So.2d 348, 351 (Fla. 1st DCA 2006) (“[S]ection 440.20(4) does not preclude the E/C from challenging the claimant’s entitlement to benefits, by contending that the injuries resulting from the industrial accident were not the MCC of the claimant’s need for further treatment or surgery. Indeed, the JCC found that *469 claimant has reached maximum medical improvement with no permanent impairment rating, and that the industrial injuries are no longer the MCC of any continuing need for treatment or surgery. ... Therefore, the claimant is no longer entitled to medical benefits. See § 440.09(l)(b), Fla. Stat.” (emphasis added)).
Here, the JCC properly found the industrial accident was not the major contributing cause of Claimant’s need for further treatment. Instead, the facts credited by the JCC show that such treatment was attributable to a pre-existing condition.
REVERSED.
KAHN, C.J., WOLF and BENTON, JJ., concur.