957 So.2d 1 (2006)
TOKIO MARINE MANAGEMENT (*) and Somec Corporation, Appellants,
v.
Richard PIZON, Appellee.
No. 1D06-0071.
District Court of Appeal of Florida, First District.
December 22, 2006.
William H. Rogner of Hurley, Rogner, Miller, Cox, Waranch & Westcott, P.A., Winter Park, for Appellants.
Gregory W. Stoner, Orlando and Bill McCabe, Longwood, for Appellee.
PER CURIAM.
The Employer/Carrier (E/C) appeal an award of workers' compensation benefits to Appellee/Claimant, who hurt his wrist at work on February 3, 1999. E/C argue that the JCC erred in three respects: accepting the testimony of an attorney; ruling that res judicata precluded E/C from presenting evidence as to major contributing cause of the need for benefits; and declining to permit a defense of apportionment. We affirm the JCC's ruling as to the first issue, without comment. However, we reverse as to the second and third issues, and remand for further proceedings, for the reasons below.
A claimant is entitled to benefits only so long as the industrial injury remains the major contributing cause of the disability or need for treatment. See Checkers Rest. v. Wiethoff, 925 So.2d 348, 350 (Fla. 1st DCA 2006) (en banc); § 440.09(1)(b), Fla. Stat. (1999). Although Checkers was not yet decided when the JCC issued the order on appeal, its holding is applicable in this case, and its application might affect the JCC's ruling. Accordingly, *2 we reverse the JCC's rulings and remand for reconsideration in light of Checkers.
REVERSED and REMANDED.
BROWNING, C.J., DAVIS and LEWIS, JJ., concur.