PER CURIAM.
In this workers’ compensation appeal, St. Lucie School Board and its carrier, EMI, appeal an order granting total knee replacement benefits on the authority of the so-called 120-day rule, section 440.20(4), Florida Statutes (1999). For the reasons that follow, we reverse and remand for further proceedings.
Isabella Fuller, a teacher’s aide, struck her right knee on a classroom table on November 29, 1999, thereby sustaining a workplace accident. This accident was accepted as compensable, and Fuller was thereafter authorized to receive medical treatment for the knee. She continued to experience pain and decreased mobility in the knee despite treatment, and, during the course of treatment, a pre-existing arthritic degenerative condition was diagnosed. Fuller was eventually advised to undergo total knee replacement, and she sought authorization for such surgery from the employer and carrier. This request was denied on the ground that the workplace accident was not the major contributing cause of the need for such surgery. Fuller filed a claim for such a procedure, arguing the employer and carrier were estopped to deny authorization by operation of section 440.20(4), the 120-day rule. Following a hearing, the judge of compensation claims granted the claim for total knee replacement. In the final order, the judge explained:
I conclude claimant’s knee injury is com-pensable as a matter of law due to the application of the 120 day rule. Because this conclusion is dispositive of all present issues, I decline to rule on whether there is actual causation.
When considering the claim for knee replacement surgery, the judge of compensation claims did not have before him our *43 en banc decision in Checkers Restaurant v. Wiethoff, 925 So.2d 348 (Fla. 1st DCA 2006). In Checkers, we explained that the waiver of the right to deny compensability provided in section 440.20(4) does not necessarily establish an entitlement to benefits and that the statute “does not preclude the E/C from challenging the claimant’s entitlement to benefits, by contending that the injuries resulting from the industrial accident were not the [major contributing cause] of the claimant’s need for further treatment or surgery.” 925 So.2d at 350-1.Because the judge erroneously concluded that claimant was entitled to benefits as a matter of law without determining whether the accident was the major contributing cause of the need for such benefits, the order under review is reversed, and the cause is remanded for further consideration in light of Checkers.
REVERSED AND REMANDED.
BROWNING, C.J., BARFIELD, and VAN NORTWICK, JJ„ concur.