THOMAS, J.
In this workers’ compensation case, Claimant alleged that on December 20, 2009, she developed a bump on her finger from using a hand-held “gun” to put dates on flower bouquets for her Employer. Employer, under a managed care arrangement, provided treatment with a doctor who opined the condition was not work related. Claimant filed a petition for benefits seeking a change in primary care physician. The Judge of Compensation Claims (JCC) awarded the change of physician and simultaneously denied compens-ability of the accident. The Employer/Carrier (E/C) argues on appeal that Claimant is not entitled to a change of physician because her condition is nonoccupational. Claimant cross-appeals, arguing the JCC’s finding of noncompensa-bility is legally inconsistent with his award of a change of physician. For the reasons below, we reverse the order on appeal and affirm the cross-appeal.
Addressing the cross-appeal first, Claimant has not shown the JCC erred in ruling the accident not compensable. The sole basis of Claimant’s challenge on compensa-bility is that the order is incongruous with the award of a change of physician. Claimant did not present this argument to the JCC — not even on rehearing, once the basis of the JCC’s ruling was clear; therefore, Claimant did not preserve such an error for appellate review. See Jellison v. Dixie S. Indus., Inc., 857 So.2d 365, 366 (Fla. 1st DCA 2003) (holding arguments not raised before JCC are not preserved for review); Hamilton v. R.L. Best Int’l, 996 So.2d 233, 234 (Fla. 1st DCA 2008) (holding if error is one that first appears in final order, aggrieved party must bring it to judge’s attention by filing motion for rehearing).
Given that the accident is not compensa-ble, the E/C’s argument on appeal has merit. Section 440.13(2)(f), Florida Statutes (2009), provides that “[u]pon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course *946 of treatment for any one accident.” Section 440.134(10)(c), Florida Statutes (2009), likewise provides that a managed care arrangement must grant the right to “one change to another provider within the provider network as the authorized treating physician during the course of treatment for a work-related injury, in accordance with the procedures provided in s. 440.13(2)®.” The plain language of section 440.134(10)(c) requires the injury to be a “work-related injury.” The JCC here found Claimant presented no “persuasive medical evidence” that an injury arose out of employment, and Claimant does not challenge that finding. It follows that the JCC erred in awarding a change of physician.
AFFIRMED in part and REVERSED in part.
DAVIS and RAY, JJ., concur.