ON MOTION FOR REHEARING
PER CURIAM.
This cause is before us on Appellees’ motion for- rehearing and rehearing en banc. We grant the motion for rehearing, withdraw our prior opinion issued May 1, 2015, and substitute this opinion in its place. We deny the motion for rehearing en banc.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying him a one-time change in authorized treating physician, as' permitted - by section 440.13(2)(f), Florida Statutes (2013); For the reasons set forth herein, we reverse the ruling.
Background
Claimant lifted a heavy box at work on October 9,2013. His low back hurt, so the Employer/Carrier (E/C) sent him to Fast Track Urgent Care and authorized Fast Track to treat, him. The provider at Fast Track diagnosed radiculitis and checked the boxes on a Uniform Medical Treatment Status Reporting Form .(Form DWC-25) that indicated the “injury/illness for which treatment is sought” was “work-related.” Fast Track also referred Claimant to Dr. Delgado, who first saw Claimant on November 15, 2013. Dr. Delgado concluded Claimant had both a resolving lumbar muscle sprain and, as a condition preexisting the date of the work accident, degenerative disk disease. Dr. Delgado checked the same “work-related” boxes on his DWC-25, but the same day he sent a letter to the E/C indicating the cause “regarding the lumbar spine” was 60% the preexisting condition and only 40% the “workplace injury.”
On November 27, 2013, the E/C issued a Notice of Denial (Form DWC-12) stating, under the heading “denied benefits,” “total claim denied,” and, under the heading “reason for denial of benefits,” that the “industrial accident” is not the major contributing cause (MCC) of the need for treatment. Both parties agree that this form was intended to be a denial of com-pensability — that is, a statement that there was never a compensable injury here.
The instant claim
Despite the Notice of Denial, Claimant asked for a one-time change in authorized treating physician. The E/C denied the one-time change, giving the same reasoning given in the Notice of Denial: that the industrial accident was not the MCC of the need for treatment. When the matter came before the JCC, the parties asked the JCC to consider whether the work accident.was the MCC of not only the need for treatment, but also the “injury” — in other words, to determine compensability. They also asked the JCC to consider whether Claimant was entitled to the onetime change despite the E/C’s denial of compensability — in other words, whether a claimant can receive a one-time change where there was never a compensable injury.
The JCC drew several conclusions. The JCC stated, “[tjhere must first be a com-pensable accident and injury before an employee is entitled to any benefit allowed in Chapter 440” — thus rejecting Claimant’s argument that he is entitled to a one-time change without first having to prove he had suffered a compensable injury of any sort. The JCC found that “Dr. Delgado identified an injury from the accident (a *1008 sprain) as well as a pre-existing condition (degenerative disc- disease) which . combined to produce the potential need for medical care,” and that Dr. Delgado opined the sprain was less than half of the cause of the “injury and need‘for care.” (Emphasis added). The JCC then found both that “the accident was not the '[MCC] of the injury” and that “the accident was not the [MCC] of claimant’s need for medical care.” Based on all of this, the JCC denied the one-time change.
Analysis
The JCC is correct that “[t]here must first be a compensable accident and injury before an employee is entitled to any benefit allowed in Chapter 440” — with one single exception: an advance payment under section 440.20(12), Florida Statutes. See Lopez v. Allied Aerofoam/Specialty Risk Servs., 48 So.3d 888, 889 (Fla. 1st DCA 2010). But the JCC erred in not recognizing the existence of a compensable injury in this case. This error came about by the JCC’s conflating the existence and cause of the injury — compensability—with the existence and cause of the need for treatment. Compensability is a concept used to convey the idea that the Florida Workers’ Compensation Law applies; it requires the presence of certain elements described throughout chapter 440 by terms of art such as accident, injury, arising out of work performed in the course and the scope of employment See generally Checkers Rest. v. Wiethoff, 925 So.2d 348, 350 (Fla. 1st DCA 2006) (en banc) (explaining concept of compensability as “the occurrence of an industrial accident resulting in injury”).
Causation, in workers’ compensation, is established by MCC, and MCC is a concept that can potentially apply at two different stages of a determination of entitlement to benefits: work must be the MCC of a compensable injury, and also— where (as here) there is a preexisting condition — the compensable injury,must be the MCC of the need for treatment.[1] Compare § 440.09(1), Fla. Stat. (2013) (requiring employer to pay compensation or furnish benefits if employee suffers accidental compensable injury “arising out of work performed in the course and the scope of employmeht”), and § 440.02(36), Fla.- Stat. (2013) (defining “arising out of’ by stating that injury “arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury”), with § 440.09(l)(b), Fla. Stat. (2013) (providing that if compensable work injury “combines with a preexisting disease or condition to cause or prolong disability or need for treatment,” employer need provide compensation or benefits only to extent injury “is and remains more than 50 percent responsible for the injury as compared to all other causes combined and thereafter remains the major contributing cause of the disability or heed for treatment”). Only the first of these MCC analyses factors into a determination of compensability of the original injury.
Here, the JCC found the sprain (the workplace injury) and the degenerative disk disease combined to produce the need for treatment. But such facts do not preclude compensability — they merely implicate the possible availability of particular *1009 medical and indemnity benefits. ■ See § 440.15(5)(b), Fla. Stat. (2013) (“If a com-pensable injury, disability, or need for medical care, or any portion thereof, is a result of aggravation or acceleration of a preexisting condition, or is the result of merger with a preexisting condition, only the disabilities and medical treatment associated with such compensable injury shall be payable under this chapter_”). On the facts present in this case, it was not disputed that the sprain otherwise met the requirements of compensability (e.g., an injury by accident arising out of and in the course of employment). Given these facts, the JCC should not have applied an MCC analysis to determine the existence of a compensable injury, because there is no evidence (nor allegation) that the sprain was caused by degenerative disk disease or anything other than work.
Because Claimant suffered a compensa-ble injury and received treatment therefor, he is entitled to a one-time change in treating physician as “an absolute right” if he made a written request for such during the course of treatment. Providence Prop. & Cas. v. Wilson, 990 So.2d 1224, 1225 (Fla. 1st DCA 2008). The E/C concedes that Claimant properly requested a one-time change; thus, he is entitled to the one-time change he requested. We distinguish Falcon Farms v. Espinoza, 79 So.3d 945 (Fla. 1st DCA 2012), where this court reversed the award of a one-time change, because in Falcon Farms there was no work-related injury at all, only a finding that the claimant “presented no ‘persuasive medical evidence’ that an injury arose out of employment,” which was not challenged on appeal. 79 So.3d at 946.
For the foregoing reasons, we reverse the order on appeal and remand to the JCC for the award of a one-time change under section 440.13(2)(f).
REVERSED and REMANDED with instructions.
WOLF and RAY, JJ., concur.
BENTON, J., concurs with opinion.

. This is the rationale underlying case law holding that "[o]nce compensability is established, an E/C can no longer contest that the accident is the MCC of the injuries at issue. It can only contest the connection between a claimant’s need for specific treatment or benefits, and the industrial accident.” , Engler v. Am. Friends of Hebrew Univ., 18 So.3d 613, 614 (Fla. 1st DCA 2009); see also City of Pembroke Pines v. Ortagus, 50 So.3d 31, 32 (Fla. 1st DCA 2010) (holding E/C must pay for treatment as long as compensable condition remains MCC of need for treatment).