B.L. THOMAS, J.
In this workers’ compensation case, the Employer/Carrier challenge an order awarding Claimant temporary partial disability benefits and rejecting the affirmative defense of misrepresentation under paragraphs 440.09(4)(a) and 440.105(4)(b), Florida Statutes (2014). Because the record contains competent, substantial evidence supporting the Judge of Compensation Claims’ conclusion that Claimant did not make intentional misrepresentations for the purpose of obtaining workers’ compensation benefits, we affirm that ruling. But we reverse and remand the temporary partial disability award, because the determination that the workplace injury is the major contributing cause of Claimant’s disability and need for medical care is not based on competent, substantial evidence.
Claimant reported that she injured her neck while transporting a wheelchair-bound passenger on March 13, 2015. The Employer/Carrier accepted compensability of the workplace injury and authorized medical care with Dr. Trimble, an orthopedic surgeon. Dr. Trimble ultimately opined that the major contributing cause of Claimant’s neck complaints is preexisting degeneration of the cervical spine, not the workplace injury. Dr. Lowell, another orthopedic surgeon, later provided Claimant’s medical care and recommended surgery of the cervical spine.
Claimant filed a claim for temporary partial disability benefits in light of Dr. Lowell’s surgical recommendation. The Employer/Carrier defended the claim, in part, on the ground that the workplace injury is not the major contributing cause of Claimant’s neck condition, based on Dr. Trimble’s expert opinion and the expert opinion of Dr. Rumana, the Employer/Carrier’s independent medical examiner.
Under subsection 440.09(1), Florida Statutes (2014), an employer/carrier is responsible for providing benefits only where the accidental compensable injury is the major contributing cause of any resulting injuries. Thus, Claimant bore the burden of persuasion to prove that the compensa-ble workplace injury is the major contributing cause for the need for the requested benefits. See Babahmetovic v. Scan Design Fla., Inc., 176 So.3d 1006, 1008 (Fla. 1st DCA 2015); Checkers Restaurant v. Wiethoff, 925 So.2d 348, 350 (Fla. 1st DCA 2006). In accordance with the statute, a major contributing cause is the cause that is more than 50% responsible for the injury, when compared to all other causes combined for which treatment or benefits are sought. § 440.09(1), Fla. Stat. (2014). Furthermore, major contributing cause must be demonstrated by medical evidence only, and “[p]ain or other subjective complaints alone, in the absence of objective relevant medical findings, are not compensable.” Id.
According to the Judge of Compensation Claims, Dr. Lowell opined that, “assuming Claimant’s neck has been asymptomatic since the early 2000s,” the workplace inju *1253 ry is the major contributing cause of the need for surgery and related disability. But Dr. Lowell never actually testified that the workplace injury is the major contributing cause of the need for cervical surgery.
Dr. Lowell testified that Claimant specifically told him that she never had any previous symptoms or treatment of the neck. Even with this history, Dr. Lowell initially indicated that the major contributing cause issue here “falls in a gray zone.” Later, after reviewing Claimant’s prior medical records, the doctor agreed that the workplace injury is not the major contributing cause of Claimant’s current condition. When asked by Claimant’s attorney if the workplace injury would be the major contributing cause of the need for surgery, assuming Claimant had some prior neck complaints but none after the early 2000s, Dr. Lowell did not directly answer the question. Instead, he stated that he “would have to conclude the accident was responsible for the new onset of symptoms,” if Claimant gave him “accurate and complete” information”; however, he said, “those conclusions [are] more difficult to render” when the information is not accurate and complete. At no point did Dr. Lowell indicate that the information necessary to make a causal connection would not include all of Claimant’s pertinent medical history. This opinion, as qualified, does not match the facts regarding Claimant’s past medical history, including her previously reported neck pain. Thus, Claimant failed to carry her burden of persuasion, as she did not show that the need for the surgery was linked to the workplace accident.
We therefore reverse the award of temporary partial disability benefits associated with the recommended medical treatment and remand for entry of an order consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
LEWIS and ROWE, JJ., CONCUR.