PER CURIAM. In this workers’ compensation appeal, the employer/carrier (E/C) challenges the portion of the order entered by the judge of compensation claims (JCC) on remand from Levy County Transit/Gallagher Bassett Servs. v. Kokenzie, 220 So.3d 1251 (Fla. 1st DCA 2017) (Kokenzie I), finding the claimant entitled to attorney’s fees for defeating the fraud defense asserted by the E/C. We dismiss the appeal for the reasons that follow. In Kokenzie I, we affirmed the JCC’s rejection of the fraud defense asserted by the E/C but we reversed the award of temporary partial disability (TPD) benefits to the claimant because the JCC’s finding that the workplace injury was the major contributing cause of the claimant’s injuries was not supported by competent substantial evidence. Id. at 1252. We remanded “for entry of an order consistent with th[e] opinion,” id. at 1253, and on remand, the JCC entered an order rejecting the fraud defense and denying the claim for TPD benefits. The order also granted the claimant’s claim for attorney’s fees for successfully defeating the fraud defense, but reserved jurisdiction to determine the amount of the fee award if the parties were unable to agree upon the amount. On appeal, the E/C argues that JCC erred in determining that the claimant was entitled to attorney’s fees because the claimant failed to secure any past benefits and no future benefits will ever be due because the claimant failed to prove that the injury was work-related. The claimant responds that we lack jurisdiction to review the portion of the order determining her entitlement to fees because the JCC reserved jurisdiction on the amount of the fees. Although the E/C may well be correct on the merits, we agree with the claimant that we lack jurisdiction to review the issue at this time. Indeed, this court has repeatedly held that a determination of entitlement to attorney’s fees is not ap-pealable where jurisdiction is reserved to determine the amount of the fees. See, e.g., Stanley Steemer Int’l v. Smith, 139 So.3d 507 (Fla. 1st DCA 2014); Dep’t of Corr. v. Ferguson, 98 So.3d 669, 670 (Fla. 1st DCA 2012); Polk Cty. Bd. of Cty. Comm’rs v. Lyon-Spires, 85 So.3d 582 (Fla. 1st DCA 2012); Zampell Refractories, Inc. v. Welch, 61 So.3d 1160 (Fla. 1st DCA 2011); Dep’t of Children & Families v. Monroe, 744 So.2d 1163, 1164 (Fla. 1st DCA 1999); Se. Recycling v. Cottongim, 728 So.2d 342, 342-43 (Fla. 1st DCA 1999); Wometco Enters. v. Cordoves, 650 So.2d 1117 (Fla. 1st DCA 1995). Although the other portions of the order entered on remand are appealable, see Commercial Carrier Corp. v. LaPointe, 723 So.2d 912, 914 n. 1 (Fla. 1st DCA 1999), they were not challenged by either party. Accordingly, because this appeal only concerns the determination of entitlement to attorney’s fees, we dismiss the appeal for lack of jurisdiction. DISMISSED. WETHERELL, MAKAR, and KELSEY, JJ., CONCUR.